UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
FLINT DIVISION

IN RE:

JOHN A. METZGER, JR.,

Debtor.

_____/

AMERICREDIT FINANCIAL
SERVICES, INC., d/b/a GM
FINANCIAL, a foreign corporation,

Plaintiff,

v.

JOHN A. METZGER, JR.,

Defendant.

_____/

Case No. 12-30292-dof
Chapter 7
Hon. Daniel Opperman

Adversary Proceeding
Case No. 12-03052-dof

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff AmeriCredit Financial Services, Inc., d/b/a GM Financial, pursuant to Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56, moves this honorable Court for entry of a summary judgment against Defendant John Metzger and, in support thereof, says as follows:

1. On or about September 19, 2007, Defendant, as borrower and maker, executed a Retail Installment Contract made payable to Huntington National Bank in the principal amount of $13,189.64; a photocopy of the Retail Installment Contract is marked as Exhibit 1 and attached hereto. The loan was made by Huntington National Bank to Defendant. Pursuant to a November 13, 2007 loan assignment between Huntington National Bank and AmeriCredit Financial Services, AmeriCredit purchased the motor vehicle loan from Huntington National Bank and, as part of the transaction, the loan, and hereinafter described lien, were sold and assigned by Huntington National Bank to Plaintiff AmeriCredit Financial Services.

2.     Under the terms and provisions of the Retail Installment Contract, interest accrues on the principal balance at the rate of 14.04% per annum and monthly payments are due in the amount of $273.66 commencing on November 3, 2007, and continuing thereafter for a period of 72 months.

3.     Also, under the terms and provisions of the Retail Installment Contract, Defendant granted to Plaintiff a first lien and security interest on a 2006 Dodge Stratus, vehicle identification number 1B3EL46X06N139504. Pursuant to the terms of the contract, a first lien was placed on the motor vehicle by Plaintiff; a photocopy of the RD-108/Application for Title evidencing the lien marked as Exhibit 2 and attached hereto.

4.     In November, 2007, Defendant defaulted under the terms of the Retail Installment Contract and, thereafter, Plaintiff instituted a lawsuit in the 67-3rd Judicial District Court to recover the balance due on the loan and to recover possession of the 2006 Dodge Stratus.

5.     On April 14, 2008, a judgment was entered against Defendant in the 67-3rd Judicial District Court for the balance due on the loan, which judgment is in the amount of $14,496.19; a photocopy of the judgment is marked as Exhibit 3 and attached hereto.

6.     Subsequent to entry of the judgment, Plaintiff garnished the wages of Defendant through his place of employment and the current outstanding balance due on the judgment debt is $8,089.03.

7.     Additionally, after institution of the lawsuit in the District Court, Defendant had a conversation with Plaintiff's counsel and confirmed that he did not purchase the vehicle to drive himself, but rather he purchased the vehicle for a 27 year old by the name of Heidi Ann Wilson, f/k/a Heidi Ann Kortas, and that after purchasing the vehicle and obtaining possession of it, he gave the vehicle to Heidi Ann Wilson.   Plaintiff attempted to locate Heidi Ann Wilson and attempted to locate the 2006 Dodge Stratus, but has not been able to locate either.

8.     At the time that Defendant applied for the motor vehicle loan, he made materially false

2

statements regarding the purchaser of the vehicle and did not disclose that he was a straw purchaser who was purchasing the vehicle for Heidi Ann Wilson. Defendant had actual knowledge that he was a straw purchaser, but did not disclose this material fact to the lender. Defendant's failure to disclose the straw purchase caused the lender to have the false impression that this was not a straw purchase and that Defendant was purchasing the vehicle for his own personal use and for himself. When Defendant failed to disclose that this was a straw purchase, Defendant knew that the failure would create a false impression and intended that the lender rely on the resulting false impression and the lender did rely on this false impression in making the loan to Defendant.

9.    Additionally, in applying for and obtaining the loan, Defendant made a material representation that the purchase was made by Defendant for himself. This representation was made in connection with obtaining the financing for the purchase of the vehicle. This representation was false when made and the financing would not have been made, if Defendant had not made this representation. Plaintiff has sustained a loss as a result of the financing that was provided to Defendant to purchase the vehicle and Plaintiff's loss has benefitted Defendant.

10.    Further, in conjunction with obtaining financing for the purchase of the vehicle, Defendant made a representation that he was the purchaser of the vehicle and this was a representation of material fact. This representation was false when made and Defendant knew it was false when made and/or Defendant made it recklessly without knowing whether it was true. Defendant made the representation with the intent that the lender rely upon it and the lender did rely upon it in extending credit to Defendant.

11.    Also, after purchasing the vehicle, and obtaining possession of it, and after granting a lien on the vehicle to Plaintiff, Defendant converted and/or damaged the collateral by transferring it to Heidi Ann Wilson.

12. Defendant has admitted that he was a straw purchaser for Wilson and that he defrauded Plaintiff. These admissions are made in Defendant's Answer to Plaintiff's adversary proceeding Complaint.

13. The aforestated acts of Defendant constitute false pretenses and/or fraud as enumerated under 11 USC Section 523(a)(2)(A) and (a)(6).

14. The aforestated acts of Defendant constitute conversion and willful and malicious injury by Defendant to Plaintiff or Plaintiff's property as enumerated under 11 USC Section 523(a)(6).

15. Pursuant to the provisions of 11 USC Section 523(a)(2)(A) and/or (a)(6), the acts of Defendant render the obligation to Plaintiff non-dischargeable.

16. Because Plaintiff already obtained a state court judgment against Defendant for the loan balance, and because Defendant has admitted the allegations of Plaintiff's Complaint and he was a straw purchaser and he defrauded Plaintiff, and these admissions are contained in Defendant's Answer and Affirmative Defenses, there is no genuine issue as to any material fact and Plaintiff is entitled to a judgment as a matter of law pursuant to Fed.R.Bankr.P. 7056.

WHEREFORE, Plaintiff AmeriCredit Financial Services, Inc., d/b/a GM Financial prays that this honorable Court grant its Motion and enter a summary judgment against Defendant and in favor of Plaintiff determining that the debt due Plaintiff is excepted from discharge, and awarding Plaintiff its attorney's fees and court costs incurred in this adversary proceeding, and for such other and further relief as may be appropriate under the circumstances.

Dated:  4 | 11 | 12

S. Thomas Padgett (P31748)
DeBrincat, Padgett, Kobliska & Zick
Attorney for Plaintiff
34705 W. Twelve Mile Road, Suite 311
Farmington Hills, Michigan 48331
(248) 553-4333
Michiganlawyer@aol.com

# EXHIBIT 1

This is a loan directly from THE HUNTINGTON NATIONAL BANK to you. The terms "we", "us", and each person who signs this agreement. This agreement states the terms of this simple loan. "the "Dealer", which term includes any of Dealer's employees or agents). Please read this agreement carefully and if you agree to these terms, sign your name below. Each of you is responsible both individually and jointly under this agreement (known as "joint and several" responsibility).

Federal disclosures: The following disclosures are required to be given by federal law:

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 14.94 % | $ 5513.88 | $ 13189.64 | $ 18703.52 |

| Your payment schedule will be (final payment amount is estimated): | | When Payments Are Due |
|---|---|---|
| Number of Payments | Amount of Payments | |
| 72 | 273. 66 | Monthly beginning on 11/03/2007 |
| | N/A | |

**Security:** You are giving a security interest in a motor vehicle.
☐ You are also giving a security interest in the following personal property (list each item): _____

Property insurance: You may obtain property insurance and vendor's single interest insurance from anyone you want that is acceptable to us.

Filing fees: $ N/A

Late charge: If a payment is more than 10 days late, you will be charged $25.00.
Prepayment: If you pay off early, you will not have to pay a penalty, and will not be entitled to a refund of any prepaid finance charge.
See the other parts of this agreement and any other contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment penalties, and security interests.

**Date of this loan**
The date of this loan is 09/19/2007.
Principal amount of this loan
The principal amount of this loan is $ 13189.64
Interest rate
The interest rate applicable to this loan is 14.94% per year.

Itemization of Amount Financed
We and/or the Dealer may be retaining a portion of the charges from other products and services sold in connection with this loan. You authorize us to pay the proceeds of this loan in the following manner:

1. To Dealer on your behalf ........................ $ 13189.64
   (a) Cash price ........................ $ 12598.64
   (b) Price of vehicle/services purchased ........ $ 12492.64
   (c) Dealer documentation fee ................ $ 75.00
   (d) License, title and registration fees ........ $ 113.00
   (e) Loss damage/gap ........................ $ N/A
       Dealer ........................ $ N/A
   (ii) Trade-in allowance (gross) .............. $ N/A
       Year ____ Make ____
       Model ____
   (iii) Amount owed on trade-in ................ $ N/A
   (iv) Trade-in allowance (net) ................ $ 12598.64
   (c) Unpaid balance of cash price (b) minus (e) ... $ N/A
   (d) Additional amount to pay off trade in ...... $ N/A

   (a) Payoff of prior loan (if a refinance)........ $ N/A
   (f) Lien filing fee ........................ $ N/A

   (g) Credit insurance ........................ $ N/A
   (h) Extended service contract or warranty ...... $ N/A
   (i) N/A ........................ $ N/A
   (j) N/A ........................ $ N/A
   (k) N/A ........................ $ N/A
   (l) STONEBRIDGE ................ $ 399.00

2. To insurance co. for vendor's single interest insurance ... $ N/A
3. To us for Huntington GAP.................... $ N/A
4. To us for loan fee ........................ $ N/A
5. Less prepaid finance charge ................ $ N/A
6. Amount financed (sum of 1, 2, 3 and 4, minus 5) ... $ 13189.64

**Your promise to pay**
By signing this agreement, you promise to pay us all of the following:
• The principal amount of this loan as provided in this agreement.
• Daily simple interest on the unpaid balance of the principal amount from time to time outstanding at the interest rate provided in this agreement.
• Other charges due as provided in this agreement.
You must pay us in the amounts we tell you or at any of our banking offices. Interest begins to accrue on the date of this agreement. Daily simple interest means that interest is charged each day after applying any payments you have made.

**Payment schedule**
You agree to pay this loan according to the payment schedule shown in the federal disclosures above. However, the final payment amount shown above is only an estimate. On the final payment due date, you must pay us the outstanding balance of the principal amount and any account that would have been due but for this agreement.

**Additional products and services**
Additional products and services (such as extended service protection, warranty, debt cancellation protection, debt suspension protection or other products and services offered by the Dealer) are not required to obtain this loan...

**Assignment of this agreement**
We have the right to assign this agreement without your consent or approval...

**Self-off**
We have the right of set-off. This means that we may apply any money in any deposit account with us on which your name appears as owner or co-owner to the payment of the amount you owe us which is due.

**Governing law**
The interest rate, fees and charges, and other terms of this agreement are governed by federal law. However, to the extent federal law does not apply or refers to or incorporates state law, the law of the state of Ohio shall be applicable.

This agreement is continued on the reverse side. All of the provisions on both sides of this document are part of this agreement. Acknowledgment: Each person or entity signing below is responsible for paying this loan in full. You acknowledge that you have read this entire agreement on both sides of this page (including the Arbitration Provision on the reverse side) and agree to be bound by its terms. You also acknowledge that Dealer has given you a copy of our Customer Information Non-Privacy Notice.

| Individual Borrower Signature(s): | Cooperation or Other Business Entity Signature |
|---|---|
| Signature: | Typed Name of Company: |
| Typed Name: JOHN W METZGER | |
| Signature: | Signature: |
| Typed Name: | Typed Name of Signer: |
| | Title of Signer: |

---

**Credit Insurance**
Credit life insurance and credit disability insurance are NOT REQUIRED to obtain this loan and will not be provided unless each of you to be insured certifies and signs below, indicating your agreement to pay the additional cost for the type of coverage selected. Your choice whether or not to buy credit insurance has NO effect on our decision to make your loan, and we do NOT consider your insurance choice in any way when we make our loan decision. Any insurance benefit may not pay this loan in full.

If you want to buy credit insurance, you are buying it from or through the Dealer, and not from or through us. Any questions about this insurance must be directed to the Dealer, and not us. If you want to buy it, you must sign below on the line and/or the type of insurance elected. Your signature for a type of insurance will indicate that your coverage for both persons signing is elected. The policies or certificates insuring the insuring company will more fully describe the coverages, terms and conditions of the credit insurance.

Credit life insurance:   Term: N/A  months  Cost $ N/A
(1) _____ (Signature)   (2) _____ (Signature)

Credit disability insurance: Term: N/A months  Cost $ N/A
(1) _____ (Signature)   (2) _____ (Signature)

Collateral for this Agreement
As collateral for this loan, you give us a security interest in the following property and all accessions, and in any attachments existing as of the date of this loan or which you acquire while, (i) days after that date.

| YEAR | MAKE | | |
|---|---|---|---|
| 2006 | DODGE | | |
| MODEL | STRATUS | ODOMETER | 27235 |
| VIN | 1B3EL46X96N139564 | | |

You represent that you will use this collateral primarily for ☐ Consumer (personal, family or household use) ☐ Business ☐ farming purposes.
You agree to keep the collateral at:
   13418 KATZROSDLE ST           -MT MORRIS
   _____ (No. & Street)           (City)
   GENESEE                        MI 48458
   _____ (County)                 (State) (Zip)

As additional collateral, you also give us a security interest in:
• Any other property described in the "Security" section of the federal disclosures, which you agree to keep at the location disclosed above, unless otherwise stated in this agreement.
• Any proceeds of the vehicle or other property described above and its accessions and attachments.
• Any proceeds of any service contracts, warranties, insurance, GAP coverage, debt cancellation coverage, debt suspension coverage or other products or services required or purchased in connection with this agreement, and any refunds of any charges or premiums for any such products or services.
We agree that any security interest which secures any other present or future loan from us does not secure this loan. Additional provisions about the collateral are found on the other side of this document under "Additional Security Interest Provisions".

Signature to Grant Security Interest Only
The person signing in this box is NOT responsible to repay this loan. The person is an owner of the collateral and is signing solely to give a security interest in the collateral. This person is subject to all of the provisions of this agreement except the obligation to pay (other than from the proceeds of collateral) principal, interest or other charges due.

Signature: _____
Typed Name of Signer: _____

**NOTICE**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
You agree that this notice applies only if this consumer purpose loan under "Collateral for this agreement" is checked and only if you use the proceeds of this loan to purchase the collateral described above under "Collateral for this agreement".

**NOTICE ABOUT THIS LOAN**
This loan is a direct loan from us (the bank) to you. For your convenience, we have asked Dealer to complete and obtain your signature on this agreement. An employee or representative of Dealer is authorized to (i) agree to any terms that are inconsistent with the terms of this loan, (ii) enter into any side agreement that amends this loan, or (iii) alter or change any of the prepotential provisions of this agreement. No oral promises or agreements between you and Dealer about this loan are enforceable.

We may use part of the interest rate you pay to compensate Dealer for arranging this loan. As a result, your interest rate in excess of the minimum we require may be negotiated with Dealer, but is firm once you sign this agreement.

**NOTICE TO COSIGNER**
You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay any late fees or collection costs, which increase this amount.

The bank can collect this debt from you without first trying to collect from the borrower. The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

**NOTICE OF ARBITRATION PROVISION**
THIS AGREEMENT CONTAINS AN ARBITRATION PROVISION WHICH AFFECTS ON THE REVERSE SIDE. BEFORE SIGNING THIS AGREEMENT, YOU SHOULD READ THE ARBITRATION PROVISION CAREFULLY. IF YOU DO NOT REJECT THE ARBITRATION PROVISION IN THE MANNER ALLOWED, IT MAY HAVE A SUBSTANTIAL IMPACT ON THE WAY IN WHICH YOU OR WE RESOLVE ANY CLAIM THAT WE HAVE AGAINST EACH OTHER OR CERTAIN OTHER THIRD PARTIES.

© 2006 The Huntington National Bank
HNB-PLA rev EFF 05/06

Exhibit 1

## ADDITIONAL GENERAL TERMS

## ADDITIONAL SECURITY INTEREST PROVISIONS

## ARBITRATION PROVISION



### LOAN ASSIGNMENT

THIS ASSIGNMENT IS ATTACHED TO AND EXPRESSLY MADE A PART OF THE AUTO LOAN PURCHASE AND SALE AGREEMENT BETWEEN AMERICREDIT FINANCIAL SERVICES, INC. AND AMERICREDIT CONSUMER LOAN COMPANY, INC. (COLLECTIVELY "AMERICREDIT") AND THE HUNTINGTON NATIONAL BANK, AND RELATES TO ALL LOANS AND CONTRACTS PURCHASED UNDER THAT AGREEMENT (THE "PURCHASED LOANS") AS REFLECTED ON THE SCHEDULE OF RECEIVABLES ATTACHED HERETO.

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY SELLS, TRANSFERS AND ASSIGNS TO AMERICREDIT, ITS SUCCESSORS AND ASSIGNS, WITHOUT RECOURSE, ALL OF THE UNDERSIGNED'S RIGHT, TITLE AND INTEREST IN AND TO THE PURCHASED LOANS. THIS ASSIGNMENT SPECIFICALLY INCLUDES, BUT IS NOT LIMITED TO, ALL RIGHT, TITLE AND INTEREST OF THE UNDERSIGNED TO ANY INSURANCE POLICIES OR INSURANCE PROCEEDS PURCHASED OR ENDORSED OR OBTAINED UNDER THE TERMS OF THE PURCHASED LOAN. THIS ASSIGNMENT FURTHER INCLUDES ALL RIGHTS, TITLE AND INTEREST IN OR TO ANY PROPERTY OR SECURITY INTEREST OF THE UNDERSIGNED IN OR TO ANY PROPERTY OR SECURITY INTEREST DESCRIBED OR PROVIDED FOR IN THE PURCHASED LOAN.

THE UNDERSIGNED ASSIGNOR HEREBY GIVES ASSIGNEE FULL POWER, EITHER IN ITS OWN NAME OR IN THE UNDERSIGNED'S NAME, TO TAKE ALL LEGAL OR OTHER ACTIONS WHICH THE UNDERSIGNED COULD HAVE TAKEN UNDER THE PURCHASED LOAN.

THIS ASSIGNMENT IS MADE PURSUANT TO THE PURCHASE AND SALE AGREEMENT ENTERED INTO BETWEEN THE UNDERSIGNED AND AMERICREDIT, THE TERMS AND CONDITIONS OF WHICH ARE HEREBY RATIFIED, AFFIRMED AND INCORPORATED HEREIN BY THIS REFERENCE. IN ADDITION ALL RIGHTS AND REMEDIES OF AMERICREDIT HEREUNDER ARE CUMULATIVE OF ANY RIGHTS WHICH AMERICREDIT MAY OTHERWISE HAVE AGAINST THE UNDERSIGNED. THIS ASSIGNMENT SHALL BE BINDING ON THE UNDERSIGNED, ITS SUCCESSORS AND ASSIGNS.

**ASSIGNOR: The Huntington National Bank**

Signature of Authorized OFFICER: _____

Print Name of Authorized OFFICER: ___ANDY OHLER, VICE PRESIDENT___

Date: __11/6/07__


**ASSIGNEE: AmeriCredit Financial Services, Inc.**
**AmeriCredit Consumer Loan Company, Inc.**

Signature of Authorized OFFICER: _____

Print Name of Authorized OFFICER: ___David Ken Walled, SVP___

Date: __11/13/07__

| | | | | | | |
|---|---|---|---|---|---|---|
| 963 | 436400097 | 20072781220540 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1195000620 | 48174 KY |
| 984 | 436400113 | 20072721254560 | 10/5/2007 12:00:00.000 AM | | 1012206433 | 49021 NY |
| 984 | 436430121 | 20072721312010 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1157905063 | 31948 GA |
| 963 | 436430136 | 20072721404330 | 10/5/2007 12:00:00.000 AM | | 1042000497 | 30124 OH |
| 984 | 436430147 | 20072721443140 | 10/5/2007 12:00:00.000 AM | | 1012206395 | 18530 NY |
| 963 | 436430154 | 20072721504390 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1094104748 | 75560 IN |
| 963 | 436400162 | 20072721506470 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105304484 | 83036 TN |
| 984 | 436400186 | 20072721512480 | 10/5/2007 12:00:00.000 AM | | 1012206326 | 84761 NY |
| 963 | 436400195 | 20072721533890 | 10/5/2007 12:00:00.000 AM | | 1010101646 | 30114 OH |
| 984 | 436400204 | 20072721620010 | 10/5/2007 12:00:00.000 AM | | 1012206395 | 18530 NY |
| 963 | 436400212 | 20072721624580 | 10/5/2007 12:00:00.000 AM | GAP Premier | 1084000830 | 14156 IN |
| 963 | 436400220 | 20072721627300 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1084000831 | 1402 IN |
| 984 | 436400238 | 20072721630220 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1019400400 | 59035 NV |
| 963 | 436400248 | 20072721726380 | 10/5/2007 12:00:00.000 AM | | 1042300706 | 61539 WV |
| 963 | 436400253 | 20072721742090 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105304484 | 83036 TN |
| 963 | 436400261 | 20072721813390 | 10/5/2007 12:00:00.000 AM | | 1012105034 | 28211 NJ |
| 963 | 436400270 | 20072721917510 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1012105034 | 28211 NJ |
| 963 | 436400287 | 20072722005050 | 10/5/2007 12:00:00.000 AM | GAP Premier | 1010101646 | 30114 OH |
| 963 | 436400296 | 20072722133280 | 10/5/2007 12:00:00.000 AM | | 1105102934 | 48073 IN |
| 963 | 10/01/07 | 436400303 | 20072721326140 | 10/5/2007 12:00:00.000 AM | 1105206364 | 38932 TN |
| 963 | 09/30/07 | 436400329 | 20072731823540 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1021001322 | 57108 OH |
| 963 | 10/01/07 | 436400337 | 20072740914150 | 10/5/2007 12:00:00.000 AM | | 1012105031 | 38468 NJ |
| 964 | 10/01/07 | 436400345 | 20072741020020 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1157003182 | 15428 FL |
| 963 | 10/01/07 | 436400360 | 20072741144380 | 10/5/2007 12:00:00.000 AM | | 1084004683 | 14295 IN |
| 984 | 10/01/07 | 436400378 | 20072741152590 | 10/5/2007 12:00:00.000 AM | | 1157105591 | 13315 FL |
| 963 | 10/01/07 | 436400388 | 20072741183390 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1042100569 | 30136 KY |
| 983 | 09/28/07 | 436400394 | 20072741212560 | 10/5/2007 12:00:00.000 AM | GAP Premier | 1105405567 | 12863 KY |
| 983 | 10/01/07 | 436400410 | 20072741217470 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1042306258 | 37259 WV |
| 983 | 10/01/07 | 436400428 | 20072741245480 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1021001630 | 27259 OH |
| 963 | 10/01/07 | 436400436 | 20072741326500 | 10/5/2007 12:00:00.000 AM | | 1021002186 | 87802 OH |
| 963 | 10/01/07 | 436400444 | 20072741346280 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1010100067 | 36007 OH |
| 983 | 10/01/07 | 436400451 | 20072741354210 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1084001641 | 14466 IN |
| 984 | 10/01/07 | 436400469 | 20072741416340 | 10/5/2007 12:00:00.000 AM | | 1012206312 | 12868 NY |
| 963 | 10/01/07 | 436400477 | 20072741722040 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1010100071 | 36015 OH |
| 963 | 10/01/07 | 436400485 | 20072741732520 | 10/5/2007 12:00:00.000 AM | | 1105405650 | 15441 KY |
| 963 | 10/01/07 | 436400493 | 20072741752126 | 10/5/2007 12:00:00.000 AM | | 1105404138 | 22369 KY |
| 984 | 10/01/07 | 436400516 | 20072741754160 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1010206196 | 25507 AZ |
| 983 | 10/01/07 | 436400527 | 20072741819400 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1105401607 | 83413 KY |
| 984 | 10/01/07 | 436400535 | 20072741821390 | 10/5/2007 12:00:00.000 AM | | 1010400398 | 32778 NV |
| 984 | 10/01/07 | 436400543 | 20072741841570 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1157406372 | 15637 NC |
| 984 | 10/01/07 | 436400550 | 20072741844190 | 10/5/2007 12:00:00.000 AM | | 1012206312 | 12868 NY |
| 984 | 10/01/07 | 436400568 | 20072741852140 | 10/5/2007 12:00:00.000 AM | | 1012206312 | 12868 NY |
| 983 | 10/01/07 | 436400576 | 20072741901420 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1012000807 | 17284 PA |
| 983 | 10/01/07 | 436400584 | 20072742029440 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1031204620 | 39670 OH |
| 984 | 10/02/07 | 436400592 | 20072761032540 | 10/5/2007 12:00:00.000 AM | | 1012206325 | 84761 NY |
| 963 | 10/02/07 | 436400600 | 20072761136060 | 10/5/2007 12:00:00.000 AM | | 1105504212 | 90758 TN |
| 983 | 10/02/07 | 436400618 | 20072761227040 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1084000818 | 14178 IN |
| 983 | 10/02/07 | 436400626 | 20072761230480 | 10/5/2007 12:00:00.000 AM | | 1105404677 | 26961 KY |
| 963 | 10/02/07 | 436400634 | 20072751318350 | 10/5/2007 12:00:00.000 AM | | 1010100308 | 33750 OH |
| 963 | 10/02/07 | 436400642 | 20072751420130 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105003574 | 15752 KY |
| 963 | 10/02/07 | 436400650 | 20072751541250 | 10/5/2007 12:00:00.000 AM | | 1105000871 | 48058 KY |
| 963 | 10/02/07 | 436400667 | 20072751640230 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105100654 | 48237 IN |
| 964 | 10/02/07 | 436400675 | 20072751646480 | 10/5/2007 12:00:00.000 AM | | 1012206311 | 38147 NY |
| 983 | 10/03/07 | 436400682 | 20072751716500 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1042300683 | 15438 WV |
| 963 | 10/03/07 | 436400691 | 20072761003170 | 10/5/2007 12:00:00.000 AM | | 1084004090 | 30067 IN |
| 983 | 08/27/07 | 436400709 | 20072761206570 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1021008122 | 34778 OH |
| 984 | 10/03/07 | 436400717 | 20072761346260 | 10/3/2007 12:00:00.000 AM | | 1012206395 | 18530 NY |
| 983 | 10/03/07 | 436400725 | 20072761616190 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1105204212 | 90758 TN |
| 963 | 09/05/07 | 436400733 | 20072761423439 | 10/5/2007 12:00:00.000 AM | | 1012000807 | 62000 PA |
| 983 | 10/03/07 | 436400741 | 20072761706430 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1105204212 | 90758 TN |
| 983 | 10/04/07 | 436400758 | 20072771003170 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1105403647 | 83370 KY |
| 983 | 09/05/07 | 436427645 | 20072748132550 | 10/9/2007 12:00:00.000 AM | | 1031105865 | 21238 PA |
| 963 | 09/06/07 | 436427652 | 20072751721470 | 10/9/2007 12:00:00.000 AM | | 1021003892 | 57453 OH |
| 983 | 09/09/07 | 436427660 | 20072752170270 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1042706128 | 33426 OH |
| 983 | 09/10/07 | 436427686 | 20072534457460 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1105204228 | 24866 TN |
| 984 | 09/11/07 | 436427694 | 20072541831250 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1012005463 | 25537 AZ |
| 984 | 10/03/07 | 436427702 | 20072761596320 | 10/9/2007 12:00:00.000 AM | | 1012206453 | 49021 NY |
| 984 | 09/17/07 | 436427710 | 20072691153010 | 10/9/2007 12:00:00.000 AM | | 1012206512 | 12968 NY |
| 984 | 09/17/07 | 436427728 | 20072801203020 | 10/9/2007 12:00:00.000 AM | | 1012206618 | 84774 NY |
| 963 | 09/17/07 | 436427744 | 20072601443040 | 10/5/2007 12:00:00.000 AM | | 1126006280 | 87294 MI |
| 983 | 09/18/07 | 436427751 | 20072611013171 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1021002085 | 57019 OH |
| 964 | 09/18/07 | 436427769 | 20072611338100 | 10/9/2007 12:00:00.000 AM | | 1012206433 | 49021 NY |
| 983 | 09/18/07 | 436427777 | 20072611655560 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1084001137 | 14114 IN |
| 983 | 09/18/07 | 436427785 | 20072611606410 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1126202878 | 22730 MI |
| 963 | 08/18/07 | 436427793 | 20072611714490 | 10/9/2007 12:00:00.000 AM | | 1084001136 | 14116 IN |
| 984 | 09/19/07 | 436427801 | 20072611801270 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1012408448 | 910 NV |
| 983 | 09/19/07 | 436427827 | 20072621254060 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1042704599 | 29818 OH |
| 983 | 09/19/07 | 436427835 | 20072621830090 | 10/9/2007 12:00:00.000 AM | GAP Premier | 1010100214 | 36155 OH |
| 983 | 09/20/07 | 436427843 | 20072631416000 | 10/9/2007 12:00:00.000 AM | | 1105005638 | 48140 KY |
| 963 | 09/20/07 | 436427850 | 20072631350170 | 10/9/2007 12:00:00.000 AM | | 1126202236 | 73142 MI |
| 963 | 09/20/07 | 436427868 | 20072631650370 | 10/9/2007 12:00:00.000 AM | | 1021003968 | 27276 OH |
| 963 | 09/21/07 | 436427879 | 20072632020340 | 10/9/2007 12:00:00.000 AM | | 1042500484 | 30066 OH |
| 984 | 09/20/07 | 436427918 | 20072632105330 | 10/9/2007 12:00:00.000 AM | | 1012206514 | 17329 NY |
| 983 | 09/21/07 | 436427926 | 20072640604410 | 10/9/2007 12:00:00.000 AM | HNB Gap | 1042200606 | 48253 IN |
| 984 | 09/21/07 | 436427934 | 20072641134530 | 10/9/2007 12:00:00.000 AM | | 1012206453 | 68505 NY |
| 963 | 09/21/07 | 436427942 | 20072641235320 | 10/9/2007 12:00:00.000 AM | | 1120005444 | 30909 MI |
| 984 | 09/21/07 | 436427959 | 20072641434270 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1157103212 | 33053 FL |
| 963 | 09/21/07 | 436427967 | 20072641645340 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1031106613 | 39500 PA |
| 963 | 09/21/07 | 436427975 | 20072641728590 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1042306149 | 33878 WV |
| 963 | 09/22/07 | 436427983 | 20072650953380 | 10/9/2007 12:00:00.000 AM | | 1021004504 | 23702 OH |
| 984 | 09/22/07 | 436427991 | 20072651019470 | 10/9/2007 12:00:00.000 AM | | 1012206825 | 84761 NY |
| 983 | 09/21/07 | 436428007 | 20072651147640 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1031109658 | 28552 PA |
| 963 | 09/22/07 | 436428015 | 20072651450270 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1021001431 | 57119 OH |
| 983 | 09/22/07 | 436428023 | 20072651504180 | 10/9/2007 12:00:00.000 AM | HNB Gap | 1021001502 | 87617 OH |
| 983 | 09/22/07 | 436428031 | 20072651643060 | 10/9/2007 12:00:00.000 AM | GAP Premier | 1084001136 | 14116 IN |
| 963 | 09/23/07 | 436429048 | 20072661809340 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1010204662 | 530 AZ |
| 963 | 09/24/07 | 436429056 | 20072662025330 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1010100179 | 63559 OH |
| 984 | 09/24/07 | 436428064 | 20072671340080 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1012005218 | 542 AZ |
| 984 | 09/24/07 | 436428072 | 20072671555210 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1010205330 | 10711 AZ |
| 983 | 09/24/07 | 436428098 | 20072671205580 | 10/9/2007 12:00:00.000 AM | | 1021002165 | 57142 OH |
| 963 | 09/24/07 | 436428106 | 20072671756150 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1126201060 | 40617 MI |

# EXHIBIT 2

Validation:
09192007 CB V262 603 0650 796.64
603V2620650    027239 A
*S.I. RECORDED*

Dealer
GENESEE VALLEY DODGE
Address
G 4140 MILLER ROAD
City
FLINT, MI 48507

Dealer License No.    A2207

Odometer
027239 A

A = Actual mileage
B = Not actual mileage
C = Exceeds mechanical limits of odometer

| Plate No. | Expires on | | Month |
| BQH3851 | 05/15/2008 | | 09 |

| Year | Make | | Body Style | Code | County |
| 2006 | DODGE | | 4 DOOR | 01 | 25 |

| Vehicle No. | | | Fee Cat. or Wt. | License Fee |
| 1B3EL46X06N139504 | | | 000019 | 74.00 |

Driver License No/FIDs of All Owners/Lessees
1)

| | Title |
| | 15.00 |

Complete Name(s) and Address(es) of All Owners or Lessors
JOHN ALBERT METZGER JR
10418 KATZAFOGLE ST
MOUNT MORRIS, MI 48458

| | Title Late Fee |
| | 0.00 |
| | Tax |
| | 707.64 |
| | Transfer Fee |
| | 0.00 |
| | Total |
| | 796.64 |

Complete Name(s) and Address(es) of Lessees
NONE

Transaction Type:
TRANS TITLE/ORIG PLATE    MI
188V2490324    NO

Error/Flash Condition:

| | Full Rights to Survivor |
| | N |

| First Secured Interest | Filing Date |
| HUNTINGTON NATIONAL BANK | 09/19/2007 |
| 2361 MORSE ROAD | |
| COLUMBUS, OH 43229 | |

| Second Secured Interest | Filing Date |
| NONE | |

Error/Flash Approval Reason:

| Purchase Price of Vehicle | |
| | 11695.00 |

Dealer Comment:
TAB NUMBER: 9013652
FULL NAME-N OK

Authority Granted by Act 300 of 1949, as amended.    RD-108L (10-2000)

Bank

*Exhibit 2*

# EXHIBIT 3

Original - Court
1st Copy - Defendant
2nd Copy - Plaintiff

| STATE OF MICHIGAN<br>67-3 JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | JUDGMENT<br>Claim and Delivery | CASE NO.<br>GZC-08-2 |
|---|---|---|

Court address    11820 N. Saginaw St., Mt. Morris, MI 48458          Court Telephone no.    810-686-7140

| Plaintiff(s)<br>AmeriCredit Financial Services | V | Defendant(s)<br>John A. Metger |
|---|---|---|

S. Thomas Padgett (P31748)
DeBrincat and Padgett
34705 W. 12 Mile Rd., Suite 311
Farmington Hills, MI 48331

Plaintiff/Attorney, bar no.

☑ **JUDGMENT**

The Court finds the party entitled to possession is:

**Plaintiff AmeriCredit Financial Services**

Judgment is entered against:   Defendant John A.
Metzger

☐ After trial                     ☐ Consent
☑ Non appearance default *
                    ☐ **DISMISSAL**
☐ Without prejudice          ☐ With prejudice

Defendant/Attorney, bar no.

67th DISTRICT COURT
**A TRUE COPY**
Carolyn E. Jones, Clerk

*For a defendant on active military duty, default
judgment shall not be entered except as provided by
the Servicemembers Civil Relief Act.

**ORDER OF JUDGMENT**

Determined:

| | | | | |
|---|---|---|---|---|
| Amount of unpaid debt | $13,955.58 | Total damages | $13,955.58 | |
| Value of property | $7,570.00 | Interest | $325.61 | |
| Damages | $13,955.58 | Costs | $215.00 | This judgment will earn |
| | | Other | $0.00 | interest |
| | | | $0.00 | at current statutory rates. |
| | | Total judgment | $14,496.19 | |

☑ The following described property shall be delivered immediately to   **Plaintiff AmeriCredit Financial Services**

Describe property                                            Name
2006 Dodge Stratus, VIN 1B3EL46X06N139504, if Defendant fails to deliver the vehicle to Plaintiff, the County Sheriff, Baliff or Court
Officer is directed to search for and seize the wanted vehicle and deliver it to Plaintiff. Said Officers may open and enter a garage or
other structure (even if attached) if it is necessary to secure possession of the vehicle.

☑ **FURTHER ORDERS:**

This Judgment resolves the last pending claim in this case and closes this case.
Plaintiff may file this Judgment with the Michigan Secretary of State and/or County Sheriff's Office to place the vehicle in the LIEN
system and to place a stop action flash on the title and registration of the vehicle, as well as to cancel the current license plates.

EXECUTION MAY NOT ISSUE ON THIS JUDGMENT IF MORE THAN 28 DAYS HAVE PASSED
FROM THE DATE AT SIGNING UNLESS THERE IS FURTHER NOTICE AND HEARING

Judgment date:                          IT IS ORDERED: This judgment is granted

Plaintiff/Attorney                                 Judge                                    Bar no.

Defendant/Attorney
I certify that copies of this judgment and notice were served upon the parties and/or their attorneys by ordinary mail.

4-14-08

Dating of mailing                                 Court Clerk

MC 39   (6/04)   JUDGMENT, CLAIM AND DELIVERY                    MCL 600.2920, MCR 3.105, USC 521

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
FLINT DIVISION

IN RE:

JOHN A. METZGER, JR.,

      Debtor.

_____/

AMERICREDIT FINANCIAL
SERVICES, INC., d/b/a GM
FINANCIAL, a foreign corporation,

      Plaintiff,

v.

JOHN A. METZGER, JR.,

      Defendant.

_____/

Case No. 12-30292-dof
Chapter 7
Hon. Daniel Opperman

Adversary Proceeding
Case No. 12-03052-dof

## SUMMARY JUDGMENT

THIS MATTER having come before the Court on Plaintiff AmeriCredit Financial Services,
Inc., d/b/a GM Financial's Motion for Summary Judgment, the Court having reviewed the Motion
and the file, and being otherwise fully advised in the premises; IT IS ORDERED AND
ADJUDGED:

1. The debt due Plaintiff AmeriCredit Financial Services, Inc., d/b/a GM Financial, from
Defendant John A. Metzger, Jr., in the amount of $8,089.03 on the September 19, 2007 Retail
Installment Contract is hereby excepted from discharge.

2. In addition, Plaintiff is hereby awarded attorney's fees in the amount of $500.00 and
court costs in the amount of $293.00 for attorney's fees and court costs incurred in this adversary
proceeding.

1

_____
U.S. Bankruptcy Judge

Judgment prepared by:

_____
S. Thomas Padgett (P31748)
Attorney for Plaintiff
Michiganlawyer@aol.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
FLINT DIVISION

IN RE:

JOHN A. METZGER, JR.,

  Debtor.

_____ /

AMERICREDIT FINANCIAL
SERVICES, INC., d/b/a GM
FINANCIAL, a foreign corporation,

  Plaintiff,

v.

JOHN A. METZGER, JR.,

  Defendant.

_____ /

Case No. 12-30292-dof
Chapter 7
Hon. Daniel Opperman

Adversary Proceeding
Case No. 12-03052-dof

## <u>NOTICE OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

  Plaintiff AmeriCredit Financial Services, Inc., d/b/a GM Financial has filed papers with the court seeking entry of a summary judgment against Defendant John Metzger.

  **<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

  If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion, within 14 days from the date of this Notice, you or your attorney must file with the court a written response or an answer, explaining your position at:

United States Bankruptcy Court
226 W. Second Street
Flint, MI 48502

  If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

  You must also mail a copy to:

S. Thomas Padgett, Esquire
DeBrincat, Padgett, Kobliska & Zick
34705 W. Twelve Mile Rd., Suite 311
Farmington Hills, MI 48331

If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: _____4/11/12_____

_____

S. Thomas Padgett (P31748)
DeBrincat, Padgett, Kobliska & Zick
Attorney for Plaintiff
34705 W. Twelve Mile Rd., Suite 311
Farmington Hills, MI 48331
(248) 553-4333
Michiganlawyer@aol.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
FLINT DIVISION

IN RE:

JOHN A. METZGER, JR.,

        Debtor.

_____/

AMERICREDIT FINANCIAL
SERVICES, INC., d/b/a GM
FINANCIAL, a foreign corporation,

        Plaintiff,

v.

JOHN A. METZGER, JR.,

        Defendant.

_____/

Case No. 12-30292-dof
Chapter 7
Hon. Daniel Opperman

Adversary Proceeding
Case No. 12-03052-dof

## **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

### I. DECLARATION OF PLAINTIFF

In support of the Motion for Summary Judgment, Plaintiff has filed the Declaration of

Plaintiff; a photocopy of the Declaration is marked as Exhibit 1 and attached hereto. The

Declaration establishes the allegations contained in the Complaint and also establishes that

Defendant John Metzger applied for the loan in his individual name and represented that the loan

would be made to him and that he would make the payments on the loan. The pertinent portions of

the Declaration are:

7. On April 14, 2008, a judgment was entered against Defendant in the 67-3rd Judicial
District Court for the balance due on the loan, which judgment is in the amount of
$14,496.19; a photocopy of the judgment is marked as Exhibit 3 and attached hereto.

8. Subsequent to entry of the judgment, Plaintiff garnished the wages of Defendant through
his place of employment and the current outstanding balance due on the judgment debt is
$8,089.03.

1

9. Additionally, after institution of the lawsuit in the District Court, Defendant had a conversation with Plaintiff's counsel and confirmed that he did not purchase the vehicle to drive himself, but rather he purchased the vehicle for a 27 year old by the name of Heidi Ann Wilson, f/k/a Heidi Ann Kortas, and that after purchasing the vehicle and obtaining possession of it, he gave the vehicle to Heidi Ann Wilson. Plaintiff attempted to locate Heidi Ann Wilson and attempted to locate the 2006 Dodge Stratus, but has not been able to locate either.

10. In applying for the loan to purchase the 2006 Dodge Stratus, Defendant John Metzger represented in his Credit Application that he was purchasing the vehicle for himself. Also, in signing the Retail Installment Contract, Defendant John Metzger represented that the purchase of the vehicle was for himself and he was to own and use the vehicle and the vehicle would not be owned and used by another individual. Defendant John Metzger did not represent to Plaintiff AmeriCredit that he was purchasing the vehicle as a straw purchaser on behalf of Heidi Ann Wilson. Had Defendant John Metzger disclosed to Plaintiff AmeriCredit that he was purchasing the vehicle as a straw purchaser, or that the vehicle was being purchased for Heidi Ann Wilson, Plaintiff AmeriCredit, which relied on Defendant's representations that he was purchasing the vehicle for himself and relied upon Defendant's credit worthiness in making the loan, would not have made the loan to him to purchase the vehicle.

11. Defendant purchased the 2006 Dodge Stratus from Genesee Valley Dodge. Genesee Valley Dodge is not the agent of Plaintiff AmeriCredit and has never been the agent of Plaintiff AmeriCredit. When an individual wishes to purchase a vehicle on credit from a dealership such as Genesee Valley Dodge, Genesee Valley Dodge, and similar dealerships, through their credit manager, will contact numerous lenders to determine whether there is a lender that is willing to purchase the proposed Retail Installment Contract from the dealer. There is no principal agent relationship between the lender and the dealer, rather the dealer, through the credit manager's office, simply assists the customer or purchaser in obtaining credit to purchase the vehicle.

## II. DEFENDANT'S ANSWER AND DEFENSES ADMIT THAT THE PURCHASE OF THE VEHICLE WAS A STRAW PURCHASE AND THAT DEFENDANT DEFRAUDED PLAINTIFF

Attached hereto and marked as Exhibit 2 is Defendant's Answer and Affirmative Defenses

to Plaintiff's Complaint. Specifically, in paragraph 10, Defendant admits:

The allegation regarding the conversation is neither admitted nor denied as Defendant lacks sufficient information with which to form a belief as to their truth or falsity and Plaintiff is left to its strictest proofs; the allegation that Defendant received possession of the vehicle is denied as the vehicle was delivered personally to Ms. Wilson at the dealership, who was present the entire time documents were signed, and Defendant never received possession of the vehicle; the allegation as to what Plaintiff did to recover the vehicle is neither admitted nor denied as Defendant

lacks sufficient information with which to form a belief as to their truth or falsity and Plaintiff is left to its strictest proofs.

Additionally, in the second affirmative defense, Defendant again admits that the purchase was a straw purchase and that he defrauded Plaintiff:

> At all times it was made clear to the Dodge dealership that the vehicle was being purchased by Defendant, but that Ms. Wilson would be in possession of the vehicle. In fact, Ms. Wilson was present for the preparation and signing of all documents and drove off the dealership property with the vehicle. At no time was Defendant ever in possession of the vehicle, and this was a fact fully known by all involved.

As established by the Declaration of Plaintiff, Plaintiff was certainly not aware that this was a straw purchase and would not have provided financing, if it had known that the purchase was for Ms. Wilson and not for Defendant.

## III. DEFENDANT'S ACTIONS CONSTITUTE FALSE PRETENSES, FALSE REP-RESENTATION, OR ACTUAL FRAUD

In 2003, Judge Rhodes ruled on a claim similar to Plaintiff's adversary proceeding Complaint instantly in the case *In re McManus*, 292 BR 157 (Bkrtcy.E.D.Mi.2003). The salient facts in *McManus* were that the defendant/debtor signed a motor vehicle purchase agreement for the purchase of a 2000 Mercedes, which obligated her to pay 60 payments of $2,183.69. The debtor confirmed that she signed the contract as a straw purchaser and that she turned over possession of the vehicle to two other individuals in exchange for a payment of $500.00 for her participation in the transaction. Judge Rhodes found that the debtor knew that she was signing a contract for a vehicle that she had no intent to own and that she did not have any intent to own the vehicle. Judge Rhodes concluded that McManus defrauded the lender and that the debt due the lender is excepted from discharge pursuant to Section 523(a)(2)(A).

Instantly, the Defendant has admitted in his Answer and Affirmative Defenses that he defrauded Plaintiff AmeriCredit.

## IV. STANDARD FOR GRANTING A MOTION FOR SUMMARY JUDGMENT

The Sixth Circuit has adapted a series of principles for addressing motions for summary judgment. The principles include:

1. The movant must meet the initial burden of showing the absence of a genuine issue of material fact, as to an essential element of the non-moving party's case. This burden may be met by pointing out to the court that the non-moving party having had such an opportunity for discovery and has no evidence to support an essential element of his or her case;

2. The non-moving party cannot rely on the hope that the trier of fact will disbelieve the moving party's denial or disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary disposition;

3. The trial court has no duty to search the entire records to establish that it is bereft of a genuine issue of a material fact; and,

4. The on-moving party must do more than simply show that there is some metaphysical doubt as to the material facts and where the record taken as a whole could not lead a rational trier of fact for the non-moving party, the motion should be granted.

See *Street v. J.C. Bradford and Co.*, 866 F.2d 1472, 1479-80 (6th Cir. 1989); and, *Nernberg v. Parce*, 35 F.3d 247, 249 (6th Cir. 1994).

Instantly, the Declaration of Plaintiff clearly establishes that the loan application was submitted by Defendant, Plaintiff relied on the loan application and made the loan to Defendant, and that Plaintiff was unaware that this was a straw purchase. Because the Defendant has admitted in his Answer and Affirmative Defenses that indeed this was a straw purchase and that he defrauded Plaintiff, there is no genuine issue as to any material fact and Plaintiff is entitled to a judgment as a matter of law.

## V. PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COURT COSTS PURSUANT TO THE RETAIL INSTALLMENT CONTRACT

Attached to Plaintiff's Motion for Summary Judgment and to the Declaration of Plaintiff is a copy of the Retail Installment Contract signed by Defendant/Debtor John Metzger. On page 2,

under the paragraph entitled "Default costs and expenses" the Retail Contract provides:

> If you default, you will have to pay the following costs and expenses we incur to the extent not prohibited by applicable law:
>
>> 1. Our reasonable attorney's fees, if we hire an attorney who is not our employee.
>>
>> 2. Court costs.

Pursuant to this provision of the contract, which appears under the subparagraph "Default" at the top of page 2 on the right hand side, Plaintiff is entitled to an award of attorney's fees and court costs incurred in this adversary proceeding.

## V. RELIEF REQUESTED

Plaintiff AmeriCredit Financial Services, Inc., d/b/a GM Financial requests that a summary judgment be entered against Defendant/Debtor John Metzger determining that the debt due Plaintiff is non-dischargeable, and awarding Plaintiff its attorney's fees and court costs incurred in this adversary proceeding.

Date: 4/11/12

S. Thomas Padgett (P31748)
DeBrincat, Padgett, Kobliska & Zick
Attorney for Plaintiff
34705 W. Twelve Mile Road, Suite 311
Farmington Hills, Michigan 48331
(248) 553-4333
michiganlawyer@aol.com

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
FLINT DIVISION

IN RE:

JOHN A. METZGER, JR.,

        Debtor.

_____/

AMERICREDIT FINANCIAL
SERVICES, INC., d/b/a GM
FINANCIAL, a foreign corporation,

        Plaintiff,

v.

JOHN A. METZGER, JR.,

        Defendant.

_____/

Case No. 12-30292-dof
Chapter 7
Hon. Daniel Opperman

Adversary Proceeding
Case No. 12-03052-dof

## DECLARATION OF PLAINTIFF AMERICREDIT FINANCIAL SERVICES, INC., D/B/A GM FINANCIAL IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

I, Amy Parker, declare, state, and say as follows:

1. I am employed by AmeriCredit Financial Services, Inc., d/b/a GM Financial, as Legal Specialist and have been so employed since 2006. I am making this Declaration on behalf of Plaintiff AmeriCredit Financial Services, Inc., d/b/a GM Financial.

2. The statements made in this Declaration are true and correct. If I am called to testify regarding the statements made in this Declaration, I am competent to do so. The statements made in this Declaration are based upon my personal knowledge or a review of the books and records of AmeriCredit Financial Services, Inc., d/b/a GM Financial, which books and records were prepared, maintained and kept in the regular course of business by a person with knowledge at or about the time of the events or occurrences that are referenced in the records as having occurred or happened.

1

Ex. 1

3.　On or about September 19, 2007, Defendant, as borrower and maker, executed a Retail Installment Contract made payable to Huntington National Bank in the principal amount of $13,189.64; a photocopy of the Retail Installment Contract is marked as Exhibit 1 and attached hereto. The loan was made by Huntington National Bank to Defendant. Pursuant to a loan assignment dated November 13, 2007, between Huntington National Bank and AmeriCredit Financial Services, on November 13, 2007, AmeriCredit purchased the motor vehicle loan from Huntington National Bank and, as part of the transaction, the loan, and hereinafter described lien, were sold and assigned by Huntington National Bank to Plaintiff AmeriCredit Financial Services.

4.　Under the terms and provisions of the Retail Installment Contract, interest accrues on the principal balance at the rate of 14.04% per annum and monthly payments are due in the amount of $273.66 commencing on November 3, 2007, and continuing thereafter for a period of 72 months.

5.　Also, under the terms and provisions of the Retail Installment Contract, Defendant granted to Plaintiff a first lien and security interest on a 2006 Dodge Stratus, vehicle identification number 1B3EL46X06N139504. Pursuant to the terms of the contract, a first lien was placed on the motor vehicle by Plaintiff; a photocopy of the RD-108/Application for Title evidencing the lien marked as Exhibit 2 and attached hereto.

6.　In November, 2007, Defendant defaulted under the terms of the Retail Installment Contract and, thereafter, Plaintiff instituted a lawsuit in the 67-3rd Judicial District Court to recover the balance due on the loan and to recover possession of the 2006 Dodge Stratus.

7.　On April 14, 2008, a judgment was entered against Defendant in the 67-3rd Judicial District Court for the balance due on the loan, which judgment is in the amount of $14,496.19; a photocopy of the judgment is marked as Exhibit 3 and attached hereto.

8.  Subsequent to entry of the judgment, Plaintiff garnished the wages of Defendant through his place of employment and the current outstanding balance due on the judgment debt is $8,089.03.

9.  Additionally, after institution of the lawsuit in the District Court, Defendant had a conversation with Plaintiff's counsel and confirmed that he did not purchase the vehicle to drive himself, but rather he purchased the vehicle for a 27 year old by the name of Heidi Ann Wilson, f/k/a Heidi Ann Kortas, and that after purchasing the vehicle and obtaining possession of it, he gave the vehicle to Heidi Ann Wilson.  Plaintiff attempted to locate Heidi Ann Wilson and attempted to locate the 2006 Dodge Stratus, but has not been able to locate either.

10.  In applying for the loan to purchase the 2006 Dodge Stratus, Defendant John Metzger represented in his Credit Application that he was purchasing the vehicle for himself. Also, in signing the Retail Installment Contract, Defendant John Metzger represented that the purchase of the vehicle was for himself and he was to own and use the vehicle and the vehicle would not be owned and used by another individual. Defendant John Metzger did not represent to Plaintiff AmeriCredit that he was purchasing the vehicle as a straw purchaser on behalf of Heidi Ann Wilson. Had Defendant John Metzger disclosed to Plaintiff AmeriCredit that he was purchasing the vehicle as a straw purchaser, or that the vehicle was being purchased for Heidi Ann Wilson, Plaintiff AmeriCredit, which relied on Defendant's representations that he was purchasing the vehicle for himself and relied upon Defendant's credit worthiness in making the loan, would not have made the loan to him to purchase the vehicle.

11.  Defendant purchased the 2006 Dodge Stratus from Genesee Valley Dodge. Genesee Valley Dodge is not the agent of Plaintiff AmeriCredit and has never been the agent of Plaintiff AmeriCredit. When an individual wishes to purchase a vehicle on credit from a dealership such as Genesee Valley Dodge, Genesee Valley Dodge, and similar dealerships, through their credit

3

manager, will contact numerous lenders to determine whether there is a lender that is willing to purchase the proposed Retail Installment Contract from the dealer. There is no principal agent relationship between the lender and the dealer, rather the dealer, through the credit manager's office, simply assists the customer or purchaser in obtaining credit to purchase the vehicle.

12. Further, the Retail Installment Contract that was signed by Defendant John Metzger to purchase the 2006 Dodge Stratus was made payable to Huntington National Bank; a copy of that contract is marked as Exhibit 1 and attached hereto. That contract that Defendant John Metzger signed on September 19, 2007, which is made payable to Huntington National Bank, was sold and assigned to Plaintiff AmeriCredit on __11|13|2007__ . The particular documentation evidencing the assignment of the John Metzger Retail Installment Contract is marked as Exhibit 4 and attached hereto.

I declare under penalty of perjury that the above statements are true to the best of my information, knowledge and belief.

FURTHER DECLARANT SAYETH NAUGHT.

Dated: __3/00/12__                  _Amy Parker_

**Personal Loan Agreement - Fixed Rate**

This is a loan directly from THE HUNTINGTON NATIONAL BANK to you. The terms "we", "us", and "our" mean each of us from us. This loan is arranged by person, who signs this agreement. This agreement states the terms of this simple loan. The "Dealer", which both because any of Dealer's employees or agents. Parties read this agreement carefully and if you agree to these terms, sign your name below. Each of you is responsible both individually and jointly under this agreement (known as "joint and several" responsibility).

Federal disclosures: The following disclosures are required to be given by federal law:

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 14.84 % | $ 5513.88 | $ 13189.64 | $ 19703.52 |

Your payment schedule will be (final payment amount is estimated):

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 273.66 | Monthly beginning on 11/19/2007 |
| | N/A | |

**Security:** You are giving a security interest in a motor vehicle.

☐ You are also giving a security interest in the following personal property that each item: _____

Property Insurance: You may obtain property insurance and vendor's single interest insurance from anyone you want that is acceptable to us.

Filing fees: $ N/A

Late charge: If a payment is more than 10 days late, you will be charged $25.00.

Prepayment: If you pay off early, you will not have to pay a penalty, and will not be entitled to a refund of any prepaid finance charge.

See the other parts of this agreement and any other contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment penalties, and security interests.

Date of this loan: 09/19/2007

The date of this loan is: _____

Principal amount of this loan

The principal amount of this loan is $ 13189.64

Interest rate

The interest rate applicable to this loan is 14.84% per year.

Itemization of Amount Financed

We itemize the Dealer may be retaining a portion of the charges from other products and services told in connection with this loan. The amounts us to pay the proceeds of this loan in the following manner:

1. To Dealer on your behalf
   ...........................................  $ 13189.64
   (a) Cash price ...................................  $ 12598.64
   (i) Price of property/services purchased ...  $ 12482.64
   (ii) Dealer documentation fee ..............  $ 75.00
   (iii) License, title and registration fees ...  $ 113.00
   (b) Less down payment ...........................  $ N/A
   (i) Cash (including rebate) ................  $ N/A
   (ii) Trade-in allowance (gross) .............  $ N/A
       Year ____ Make ____
       Model ____
   (iii) Amount owed on trade-in .............  $ N/A
   (iv) Trade-in allowance (net) .............  $ 12598.64
   (c) Unpaid balance of cash price (1a) minus (b)) ...  $ N/A
   (d) Additional amount to pay all trade-in .......  $ N/A
   (e) Payoff of prior loan (if a refinance) ........  $ N/A
   (f) Lien filing fee .............................  $ N/A
   (g) Credit insurance ...........................  $ N/A
   (h) Extended service contract or warranty ...  $ N/A
2. N/A ............................................  $ N/A
3. N/A ............................................  $ N/A
4. N/A ............................................  $ N/A
5. STONEBRIDGE ...................................  $ 599.00

2. To insurance co. for vendor's single interest insurance ...  $ N/A
3. To us for Huntington GAP ...........................  $ N/A
4. To us for loan fee ...............................  $ N/A
5. Less prepaid finance charge ......................  $ N/A
6. Amount financed (sum of 1, 2, 3 and 4, minus 5) ...  $ 13189.64

Your promise to pay

By signing this agreement, you promise to pay us all of the following:
• The principal amount of this loan as provided in this agreement.
• Daily simple interest on the unpaid balance of the principal amount from time to time outstanding at the interest rate as provided in this agreement.
• Other charges due as provided in this agreement.

You must pay us at the address we tell you or at any of our banking offices. Interest begins to accrue on the date of this agreement. Daily simple interest means that interest is charged each day after applying any payments you have made.

Payment schedule
You agree to pay this loan according to the payment schedule shown in the federal disclosures above. However, the final payment amount shown above is only an estimate. On the final payment due date, you must pay us the outstanding balance of the principal amount and any accrued but unpaid interest and other charges. The payment schedule in the federal disclosures is based on the assumption that we will receive each payment on the date it is due and, if you pay late, your other charges and if other amounts we assess to your loan will be provided by this agreement. Each day payment amount could be significantly more than the estimate shown in the payment schedule above.

All payments are due on the same date or periods as shown in the federal disclosures above. You agree that we may order all payments due by mutual interest, and that if you pay off the principal amount before all charges and amounts owed to us cease to accrue. If we receive any payment after our cut-off time as a given day, that payment will be considered received on the following business day.

**Credit Insurance**
Credit life insurance and credit disability insurance are NOT REQUIRED to obtain this loan and will not be provided unless each of you to be insured qualifies and signs below, indicating your agreement to pay the additional cost for the type of coverage selected. Your choice whether or not to buy credit insurance has NO effect on our decision to make your loan, and we do NOT consider your insurance choice in any way when we make our loan decision. Any insurance benefits will not pay this loan in full.

If you want to buy credit insurance, you are buying it from or through the Dealer, and not from or through us. Any questions about this insurance must be directed to the Dealer, and not us. If you want to buy it, you must sign below on the line provided for the insurance selected. Two signatures are for signatures for a type of insurance will indicate that joint coverage for both persons being is elected. The policies or certificates issued by the insuring company will more fully describe the coverage, terms and conditions of the credit insurance.

Credit life insurance: Term: N/A months Cost: $ _____ N/A

(1) _____ (2) _____

Credit disability insurance: Term: N/A months Cost: $ _____ N/A

(1) _____ (2) _____

Collateral for this agreement
As collateral for this loan, you give us a security interest in the following property and its accessories, and in any attachments existing as of the date of this loan or which you acquire within 10 days after that date.

YEAR 2006 MAKE DODGE
MODEL STRATUS ODOMETER 27039
VIN 1B3EL46X96N139564

You represent that you will use the collateral primarily for ☐ consumer (personal, family or household use) ☐ business ☐ farming purposes.
You agree to keep the collateral at:

1041B KATZ&DOULE ST _____ MT MORRIS
(No. & Street) (City)

GENESEE MI 48458
(County) (State) (Zip)

As additional collateral, you also give us a security interest in:
• Any other property described in the "Security" section of the federal disclosures, which you agree to keep at the location disclosed above, unless otherwise stated in this agreement.
• Any proceeds of the vehicle or other property described above and its accessories and attachments.
• Any proceeds of any service contracts, warranties, insurance, GAP coverage, debt cancellation coverage, debt suspension coverage or other payments or services re-purchased or purchased in connection with the agreement, and any refunds of any charge or premium for any such products or services.
We agree that any security interest which secures any other present or future loan from us does not secure this loan. Additional provisions about future loans from us and the other uses of this collateral under "Additional Security Interest Provisions".

**Signature in Good Security Interest Only**
The person signing in this box is NOT responsible to repay this loan. This person is an owner of the collateral and is signing solely to give a security interest to the collateral. This person is subject to all of the provisions of this agreement except that the obligation to pay arises from the proceeds of collateral (except, interest or other charges due.

Signature: _____

Typed Name of Signer: _____

**NOTICE**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
You agree that this notice applies only if the consumer purpose block under "Collateral for this agreement" is checked and only if you use the proceeds of this loan to purchase the collateral described above under "Collateral for this agreement".

**NOTICE ABOUT THIS LOAN**
This loan is a direct loan from us (the bank) to you. For your convenience, we have asked Dealer to complete and obtain your signature on this agreement. In employing or representative of Dealer is authorized to agree to any terms that are inconsistent with the terms of this loan, (ii) enter into any side agreement that affects this loan, or (iii) alter or change any of the preprinted provisions or agreements between you and Dealer about this loan are enforceable.

We may use part of the interest rate you pay to compensate Dealer for arranging this loan. As a result, your interest rate Dealer for arranging this loan. As a result, your interest rate is a part of the minimum we require may be negotiated with Dealer, but its firm once you sign this agreement.

**NOTICE TO COSIGNER**
You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The bank can collect this debt from you without first trying to collect from the borrower. The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

**NOTICE OF ARBITRATION PROVISION**
THIS AGREEMENT CONTAINS AN ARBITRATION PROVISION WHICH APPEARS IN THE REVERSE SIDE. BEFORE SIGNING THIS AGREEMENT, YOU SHOULD READ THE ARBITRATION PROVISION CAREFULLY. IF YOU DO NOT REJECT THE ARBITRATION PROVISION IN THE MANNER ALLOWED, IT MAY HAVE A SUBSTANTIAL IMPACT ON THE WAY IN WHICH YOU OR WE RESOLVE ANY CLAIM THAT WE HAVE AGAINST EACH OTHER OR CERTAIN OTHER THIRD PARTIES.

This agreement is continued on the reverse side. All of the provisions on both sides of this document are part of this agreement. Acknowledgement: Each person or entity signing below is responsible for paying this loan in full. You acknowledge that you have read this entire agreement on both sides of this page (including the Arbitration Provision on the reverse side) and agree to be bound by its terms. You also acknowledge that Dealer has given you a copy of our Customer Information Privacy Notice.

| Individual Borrower Signature(s): | Corporation or Other Business Entity Signatures: |
|---|---|
| Signature: | Typed Name of Company: |
| Typed Name: JOHN W HELTLEK | |
| | Signature: |
| Signature: | Typed Name of Signer: |
| Typed Name: | Title of Signer: |

White-Bank Original   Canary-Customer Post-signing   Pink-Seller   Goldenrod-Customer Pre-signing

Exhibit 1

12-03052-dof   Doc 11   Filed 04/11/12   Entered 04/11/12 10:59:53   Page 28 of 57

## ADDITIONAL SECURITY INTEREST PROVISIONS

## ARBITRATION PROVISION

Receipt for...

Validation:
09192007 CB V262 603 0650 796.64
603V2620650      027239 A
*S.I. RECORDED*

| | | | Months 09 | | |
|---|---|---|---|---|---|
| Plate No. BQH3851 | Expires on 05/15/2008 | | Body Style 4 DOOR | Code 01 | County 25 |
| Year 2006 | Make DODGE | | Fee Cat. or Wt. 000019 | License Fee 74.00 | |
| Vehicle No. 1B3EL46X06N139504 | | | | Title 15.00 | |

Dealer
GENESEE VALLEY DODGE
Address
G 4140 MILLER ROAD
City
FLINT, MI 48507

Dealer License No. A2207

Driver License No./PIDs of All Owners/Lessees
1)

Odometer        027239  A

A = Actual mileage
ñ = Not actual mileage
C = Exceeds mechanical limits of odometer

Complete Name(s) and Address(es) of All Owners or Lessees
JOHN ALBERT METZGER JR
10418 KATZAFOGLE ST
MOUNT MORRIS, MI 48458

| | |
|---|---|
| Title Late Fee | 0.00 |
| Tax | 707.64 |
| Transfer Fee | 0.00 |
| Total | 796.64 |

Complete Name(s) and Address(es) of Lessees
NONE

Full Rights to Survivor  N

[barcode]

Transaction Type
TRANS TITLE/ORIG PLATE                    MI
188V2490324                               NO

Error/Flash Condition:

First Secured Interest
HUNTINGTON NATIONAL BANK
2361 MORSE ROAD
COLUMBUS, OH 43229

Filing Date  09/19/2007

Second Secured Interest
NONE

Filing Date

Error/Flash Approval Reason:

Purchase Price of Vehicle              11695.00

Dealer Comment:
TAB NUMBER: 9013652
FULL NAME-N OK

Authority Granted by Act 300 of 1949, as amended.

RD-108L (10-2000)

Bank

Exhibit 2

Original - Court
1st Copy - Defendant
2nd Copy - Plaintiff

| STATE OF MICHIGAN | JUDGMENT | CASE NO. |
|---|---|---|
| 67-3 JUDICIAL DISTRICT | Claim and Delivery | GZC-08-2 |
| JUDICIAL CIRCUIT | | |

Court address   11820 N. Saginaw St., Mt. Morris, MI 48458          Court Telephone no.   810-686-7140

Plaintiff(s)
AmeriCredit Financial Services

v

Defendant(s)
John A. Metger

S. Thomas Padgett (P31748)
DeBrincat and Padgett
34705 W. 12 Mile Rd., Suite 311
Farmington Hills, MI 48331

☑ **JUDGMENT**

The Court finds the party entitled to possession is:

**Plaintiff AmeriCredit Financial Services**

Judgment is entered against:   Defendant John A. Metzger

Plaintiff/Attorney, bar no.

☐ After trial          ☐ Consent
☑ Non appearance default *

☐ **DISMISSAL**

Defendant/Attorney, bar no:

☐ Without prejudice          ☐ With prejudice

*For a defendant on active military duty, default
judgment shall not be entered except as provided by
the Servicemembers Civil Relief Act.

67th DISTRICT COURT
**A TRUE COPY**
Carolyn E. Jones, Clerk

**ORDER OF JUDGMENT**

**Determined:**

| | | | | |
|---|---|---|---|---|
| Amount of unpaid debt | $13,955.58 | Total damages | $13,955.58 | |
| Value of property | $7,570.00 | Interest | $325.61 | |
| Damages | $13,955.58 | Costs | $215.00 | This judgment will earn |
| | | Other | $0.00 | interest |
| | | | $0.00 | at current statutory rates. |
| | | Total judgment | $14,496.19 | |

☑ The following described property shall be delivered immediately to   Plaintiff AmeriCredit Financial Services
                                                                                                          Name
   Describe property
   2006 Dodge Stratus, VIN 1B3EL46X06N139504, if Defendant fails to deliver the vehicle to Plaintiff, the County Sheriff, Baliff or Court
   Officer is directed to search for and seize the wanted vehicle and deliver it to Plaintiff. Said Officers may open and enter a garage or
   other structure (even if attached) if it is necessary to secure possession of the vehicle.

☑ **FURTHER ORDERS:**
   This Judgment resolves the last pending claim in this case and closes this case.
   Plaintiff may file this Judgment with the Michigan Secretary of State and/or County Sheriff's Office to place the vehicle in the LIEN
   system and to place a stop action flash on the title and registration of the vehicle, as well as to cancel the current license plates.

EXECUTION MAY NOT ISSUE ON THIS JUDGMENT IF MORE THAN 28 DAYS HAVE PASSED
FROM THE DATE AT SIGNING UNLESS THERE IS FURTHER NOTICE AND HEARING

Judgment date:                                          IT IS ORDERED: This judgment is granted

Plaintiff/Attorney                                          Judge                                          Bar no.

Defendant/Attorney
I certify that copies of this judgment and notice were served upon the parties and/or their attorneys by ordinary mail.

4-14-08

Dating of mailing                                          Court Clerk

MC 39      (6/04)   JUDGMENT, CLAIM AND DELIVERY                    MCL 600.2920, MCR 3.105, USC 521

Exhibit 3



## LOAN ASSIGNMENT

THIS ASSIGNMENT IS ATTACHED TO AND EXPRESSLY MADE A PART OF THE AUTO LOAN PURCHASE AND SALE AGREEMENT BETWEEN AMERICREDIT FINANCIAL SERVICES, INC. AND AMERICREDIT CONSUMER LOAN COMPANY, INC. (COLLECTIVELY "AMERICREDIT") AND THE HUNTINGTON NATIONAL BANK, AND RELATES TO ALL LOANS AND CONTRACTS PURCHASED UNDER THAT AGREEMENT (THE "PURCHASED LOANS") AS REFLECTED ON THE SCHEDULE OF RECEIVABLES ATTACHED HERETO.

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY SELLS, TRANSFERS AND ASSIGNS TO AMERICREDIT, ITS SUCCESSORS AND ASSIGNS, WITHOUT RECOURSE, ALL OF THE UNDERSIGNED'S RIGHT, TITLE AND INTEREST IN AND TO THE PURCHASED LOANS. THIS ASSIGNMENT SPECIFICALLY INCLUDES, BUT IS NOT LIMITED TO, ALL RIGHT, TITLE AND INTEREST OF THE UNDERSIGNED TO ANY INSURANCE POLICIES OR INSURANCE PROCEEDS PURCHASED OR ENDORSED OR OBTAINED UNDER THE TERMS OF THE PURCHASED LOAN. THIS ASSIGNMENT FURTHER INCLUDES ALL RIGHTS, TITLE AND INTEREST IN OR TO ANY PROPERTY OR SECURITY INTEREST OF THE UNDERSIGNED IN OR TO ANY PROPERTY OR SECURITY INTEREST DESCRIBED OR PROVIDED FOR IN THE PURCHASED LOAN.

THE UNDERSIGNED ASSIGNOR HEREBY GIVES ASSIGNEE FULL POWER, EITHER IN ITS OWN NAME OR IN THE UNDERSIGNED'S NAME, TO TAKE ALL LEGAL OR OTHER ACTIONS WHICH THE UNDERSIGNED COULD HAVE TAKEN UNDER THE PURCHASED LOAN.

THIS ASSIGNMENT IS MADE PURSUANT TO THE PURCHASE AND SALE AGREEMENT ENTERED INTO BETWEEN THE UNDERSIGNED AND AMERICREDIT, THE TERMS AND CONDITIONS OF WHICH ARE HEREBY RATIFIED, AFFIRMED AND INCORPORATED HEREIN BY THIS REFERENCE. IN ADDITION ALL RIGHTS AND REMEDIES OF AMERICREDIT HEREUNDER ARE CUMULATIVE OF ANY RIGHTS WHICH AMERICREDIT MAY OTHERWISE HAVE AGAINST THE UNDERSIGNED. THIS ASSIGNMENT SHALL BE BINDING ON THE UNDERSIGNED, ITS SUCCESSORS AND ASSIGNS.

**ASSIGNOR: The Huntington National Bank**

Signature of Authorized OFFICER: _____

Print Name of Authorized OFFICER: ___ANDY OHLER VICE PRESIDENT___

Date: __11/6/07__

**ASSIGNEE: AmeriCredit Financial Services, Inc.**
**AmeriCredit Consumer Loan Company, Inc.**

Signature of Authorized OFFICER: _____

Print Name of Authorized OFFICER: ___David Eric Walled, SVP___

Date: __11/13/07__

12-03052-dof    Doc 11    Filed 04/11/12    Entered 04/11/12 10:59:53    Page 33 of 57

| | | | | | | |
|---|---|---|---|---|---|---|
| 983 | 00/29/07 | 436400097 | 20072721220540 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105000620 | 48174 KY |
| 984 | 08/29/07 | 456400113 | 20072721254550 10/5/2007 12:00:00.000 AM | | 1012206433 | 49021 NY |
| 984 | 09/29/07 | 436400121 | 20072721312010 10/5/2007 12:00:00.000 AM | GAP Third Party | 1157905063 | 31048 GA |
| 983 | 09/29/07 | 436400139 | 20072721404330 10/5/2007 12:00:00.000 AM | | 1042900497 | 30124 OH |
| 984 | 09/29/07 | 436400147 | 20072721441010 10/5/2007 12:00:00.000 AM | | 1012206395 | 18530 NY |
| 983 | 09/29/07 | 436400154 | 20072721504390 10/5/2007 12:00:00.000 AM | GAP Third Party | 1094104748 | 75960 IN |
| 983 | 09/29/07 | 436400162 | 20072721504470 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105304484 | 83036 TN |
| 984 | 09/29/07 | 436400186 | 20072721512480 10/5/2007 12:00:00.000 AM | | 1012206325 | 64761 NY |
| 983 | 09/29/07 | 436400194 | 20072721538580 10/5/2007 12:00:00.000 AM | | 1010101045 | 30114 OH |
| 984 | 09/29/07 | 436400204 | 20072721560010 10/5/2007 12:00:00.000 AM | | 1012206395 | 18530 NY |
| 983 | 03/29/07 | 436400212 | 20072721624580 10/5/2007 12:00:00.000 AM | GAP Premier | 1084000830 | 14156 IN |
| 983 | 09/29/07 | 436400220 | 20072721627300 10/5/2007 12:00:00.000 AM | HNB Gap | 1084000831 | 1402 IN |
| 984 | 09/29/07 | 436400238 | 20072721630020 10/5/2007 12:00:00.000 AM | GAP Third Party | 1010402400 | 90035 NV |
| 983 | 09/29/07 | 436400248 | 20072721712860 10/5/2007 12:00:00.000 AM | | 1042300706 | 51539 WV |
| 983 | 09/29/07 | 436400263 | 20072721742080 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105304484 | 83036 TN |
| 983 | 09/30/07 | 436400251 | 20072721613290 10/5/2007 12:00:00.000 AM | | 1012106024 | 28211 NJ |
| 983 | 09/29/07 | 436400270 | 20072721917610 10/5/2007 12:00:00.000 AM | GAP Third Party | 1012105054 | 29211 NJ |
| 983 | 09/29/07 | 436400287 | 20072722060500 10/5/2007 12:00:00.000 AM | GAP Premier | 1010101045 | 30114 OH |
| 983 | 09/29/07 | 436400296 | 20072722133280 10/5/2007 12:00:00.000 AM | | 1105102934 | 48073 IN |
| 983 | 10/01/07 | 436400303 | 20072731325140 10/5/2007 12:00:00.000 AM | | 1105206364 | 38802 TN |
| 983 | 09/30/07 | 436400332 | 20072731623540 10/5/2007 12:00:00.000 AM | HNB Gap | 1021001322 | 57108 OH |
| 983 | 10/01/07 | 436400347 | 20072741020020 10/6/2007 12:00:00.000 AM | GAP Third Party | 1167003182 | 16428 FL |
| 983 | 10/01/07 | 436400360 | 20072741144360 10/9/2007 12:00:00.000 AM | | 1084034583 | 14295 IN |
| 984 | 10/01/07 | 436400379 | 20072741153500 10/9/2007 12:00:00.000 AM | | 1157105581 | 13315 FL |
| 983 | 10/01/07 | 436400388 | 20072741158300 10/5/2007 12:00:00.000 AM | HNB Gap | 1042103589 | 30126 KY |
| 983 | 09/28/07 | 436400394 | 20072741212560 10/5/2007 12:00:00.000 AM | GAP Premier | 1105405567 | 12865 KY |
| 983 | 10/01/07 | 436400410 | 20072741217470 10/5/2007 12:00:00.000 AM | GAP Third Party | 1042306258 | 37259 WV |
| 983 | 10/01/07 | 436400428 | 20072741245480 10/5/2007 12:00:00.000 AM | GAP Third Party | 1021001839 | 37259 OH |
| 983 | 10/01/07 | 436400436 | 20072741325500 10/5/2007 12:00:00.000 AM | | 1021002166 | 87802 OH |
| 983 | 10/01/07 | 436400444 | 20072741346260 10/5/2007 12:00:00.000 AM | HNB Gap | 1010100087 | 36067 OH |
| 983 | 10/01/07 | 436400451 | 20072741354210 10/5/2007 12:00:00.000 AM | HNB Gap | 1084001541 | 14456 IN |
| 984 | 10/01/07 | 436400468 | 20072741416340 10/5/2007 12:00:00.000 AM | | 1012206312 | 12868 NY |
| 983 | 10/01/07 | 436400477 | 20072741722040 10/9/2007 12:00:00.000 AM | GAP Third Party | 1010100071 | 36018 OH |
| 983 | 10/01/07 | 436400485 | 20072741722520 10/5/2007 12:00:00.000 AM | | 1105405850 | 15441 KY |
| 983 | 10/01/07 | 436400493 | 20072741752520 10/5/2007 12:00:00.000 AM | | 1105404158 | 22369 KY |
| 984 | 10/01/07 | 436400519 | 20072741754160 10/5/2007 12:00:00.000 AM | GAP Third Party | 1010205198 | 25657 AZ |
| 983 | 10/01/07 | 436400537 | 20072741819400 10/5/2007 12:00:00.000 AM | HNB Gap | 1105401607 | 63413 KY |
| 984 | 10/01/07 | 436400535 | 20072741821360 10/5/2007 12:00:00.000 AM | | 1010402098 | 32776 NV |
| 984 | 10/01/07 | 436400543 | 20072741841570 10/5/2007 12:00:00.000 AM | GAP Third Party | 1167406372 | 15637 NC |
| 984 | 10/01/07 | 436400550 | 20072741844190 10/5/2007 12:00:00.000 AM | | 1012206312 | 12888 NY |
| 984 | 10/01/07 | 436400566 | 20072741852140 10/5/2007 12:00:00.000 AM | | 1012206312 | 12996 NY |
| 983 | 10/01/07 | 436400576 | 20072741901420 10/5/2007 12:00:00.000 AM | GAP Third Party | 1012200607 | 17284 PA |
| 983 | 10/01/07 | 436400584 | 20072742029440 10/5/2007 12:00:00.000 AM | HNB Gap | 1031204620 | 39670 OH |
| 984 | 10/02/07 | 436400592 | 20072751030540 10/9/2007 12:00:00.000 AM | | 1012206325 | 84761 NY |
| 983 | 10/02/07 | 436400693 | 20072751133060 10/5/2007 12:00:00.000 AM | | 1105304212 | 90256 TN |
| 983 | 10/02/07 | 436400618 | 20072751227040 10/5/2007 12:00:00.000 AM | GAP Third Party | 1084003318 | 14178 IN |
| 983 | 10/02/07 | 436400626 | 20072751230480 10/5/2007 12:00:00.000 AM | | 1105404577 | 29961 KY |
| 983 | 10/02/07 | 436400634 | 20072751318350 10/5/2007 12:00:00.000 AM | | 1010100008 | 33750 OH |
| 983 | 10/02/07 | 436400642 | 20072751420130 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105005374 | 15752 KY |
| 983 | 10/02/07 | 436400652 | 20072751541250 10/5/2007 12:00:00.000 AM | | 1105100871 | 48068 KY |
| 983 | 10/02/07 | 436400667 | 20072751640230 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105100054 | 48237 IN |
| 984 | 10/02/07 | 436400675 | 20072751646480 10/5/2007 12:00:00.000 AM | | 1012206311 | 38147 NY |
| 983 | 10/02/07 | 436400663 | 20072751718600 10/5/2007 12:00:00.000 AM | HNB Gap | 1042306863 | 15438 WV |
| 983 | 10/03/07 | 436400694 | 20072761033010 10/5/2007 12:00:00.000 AM | | 1084004900 | 30067 IN |
| 983 | 09/27/07 | 436400709 | 20072761236570 10/5/2007 12:00:00.000 AM | GAP Third Party | 1021005122 | 34778 OH |
| 984 | 10/03/07 | 436400717 | 20072761346260 10/5/2007 12:00:00.000 AM | | 1012206395 | 18530 NY |
| 983 | 10/03/07 | 436400725 | 20072761618190 10/5/2007 12:00:00.000 AM | HNB Gap | 1105204212 | 90258 TN |
| 983 | 09/05/07 | 436400733 | 20072761423480 10/5/2007 12:00:00.000 AM | | 1012000007 | 62000 PA |
| 983 | 10/03/07 | 436400741 | 20072761705430 10/5/2007 12:00:00.000 AM | HNB Gap | 1105204212 | 90258 TN |
| 983 | 10/04/07 | 436400758 | 20072771003170 10/5/2007 12:00:00.000 AM | HNB Gap | 1105405847 | 83370 KY |
| 983 | 09/05/07 | 436427645 | 20072481328590 10/9/2007 12:00:00.000 AM | | 1031105655 | 21238 PA |
| 983 | 09/08/07 | 436427652 | 20072511701470 10/9/2007 12:00:00.000 AM | | 1021003622 | 57163 OH |
| 983 | 09/08/07 | 436427660 | 20072521706070 10/9/2007 12:00:00.000 AM | GAP Third Party | 1042709128 | 33426 OH |
| 883 | 09/10/07 | 436427686 | 20072531457460 10/9/2007 12:00:00.000 AM | GAP Third Party | 1105204228 | 24968 TN |
| 984 | 09/11/07 | 436427694 | 20072641832250 10/9/2007 12:00:00.000 AM | GAP Third Party | 1010205463 | 25537 AZ |
| 984 | 10/02/07 | 436427702 | 20072761366020 10/9/2007 12:00:00.000 AM | | 1012205453 | 48021 NY |
| 984 | 09/17/07 | 436427710 | 20072801513200 10/9/2007 12:00:00.000 AM | | 1012206512 | 12898 NY |
| 984 | 09/17/07 | 436427728 | 20072601202020 10/9/2007 12:00:00.000 AM | | 1012206518 | 84774 NY |
| 983 | 09/17/07 | 436427744 | 20072601432400 10/9/2007 12:00:00.000 AM | | 1126008290 | 87294 MI |
| 983 | 09/18/07 | 436427751 | 20072851013171 10/9/2007 12:00:00.000 AM | GAP Third Party | 1021002086 | 57019 OH |
| 984 | 09/19/07 | 436427769 | 20072611355110 10/9/2007 12:00:00.000 AM | | 1012206433 | 49021 NY |
| 983 | 09/18/07 | 436427777 | 20072611565580 10/9/2007 12:00:00.000 AM | GAP Third Party | 1084001137 | 14114 IN |
| → 983 | 09/18/07 | 436427785 | 20072911508410 10/9/2007 12:00:00.000 AM | GAP Third Party | 1126002578 | 22730 MI ← |
| 983 | 09/18/07 | 436427793 | 20072611714490 10/9/2007 12:00:00.000 AM | | 1084001136 | 14116 IN |
| 984 | 09/19/07 | 436427801 | 20072631121180 10/9/2007 12:00:00.000 AM | GAP Third Party | 1010406448 | 910 NV |
| 983 | 09/19/07 | 436427827 | 20072621254060 10/9/2007 12:00:00.000 AM | GAP Third Party | 1042704599 | 29818 OH |
| 983 | 09/19/07 | 436427835 | 20072621830390 10/9/2007 12:00:00.000 AM | GAP Premier | 1010100214 | 39155 OH |
| 983 | 09/20/07 | 436427843 | 20072631410800 10/9/2007 12:00:00.000 AM | | 1105003638 | 48140 KY |
| 983 | 09/20/07 | 436427850 | 20072631550120 10/9/2007 12:00:00.000 AM | | 1126202236 | 73142 MI |
| 983 | 09/20/07 | 436427868 | 20072631603270 10/9/2007 12:00:00.000 AM | | 1021003468 | 27278 OH |
| 983 | 09/21/07 | 436427879 | 20072632020340 10/9/2007 12:00:00.000 AM | | 1042900484 | 30068 OH |
| 984 | 09/20/07 | 436427918 | 20072632108330 10/9/2007 12:00:00.000 AM | | 1012206518 | 17929 NY |
| 983 | 09/21/07 | 436427926 | 20072640094810 10/9/2007 12:00:00.000 AM | HNB Gap | 1042206608 | 48053 IN |
| 984 | 09/21/07 | 436427934 | 20072641134530 10/9/2007 12:00:00.000 AM | | 1012206453 | 68505 NY |
| 983 | 09/21/07 | 436427942 | 20072641253320 10/9/2007 12:00:00.000 AM | | 1105005444 | 30909 MI |
| 984 | 09/21/07 | 436427959 | 20072645434270 10/9/2007 12:00:00.000 AM | GAP Third Party | 1157103212 | 33083 FL |
| 983 | 09/21/07 | 436427967 | 20072641548340 10/9/2007 12:00:00.000 AM | GAP Third Party | 1031105813 | 39600 PA |
| 983 | 09/21/07 | 436427975 | 20072641726580 10/9/2007 12:00:00.000 AM | GAP Third Party | 1042305149 | 33875 WV |
| 983 | 09/22/07 | 436427983 | 20072650953280 10/9/2007 12:00:00.000 AM | | 1021004804 | 23702 OH |
| 984 | 09/22/07 | 436427991 | 20072651019470 10/9/2007 12:00:00.000 AM | | 1012206825 | 84761 NY |
| 983 | 09/21/07 | 436428007 | 20072651147540 10/9/2007 12:00:00.000 AM | GAP Third Party | 1031106658 | 28652 PA |
| 983 | 09/22/07 | 436428015 | 20072651435070 10/9/2007 12:00:00.000 AM | GAP Third Party | 1021001431 | 57119 OH |
| 983 | 09/22/07 | 436428023 | 20072651534160 10/9/2007 12:00:00.000 AM | HNB Gap | 1021001502 | 87817 OH |
| 983 | 09/22/07 | 436428031 | 20072651643080 10/9/2007 12:00:00.000 AM | GAP Premier | 1084001136 | 14116 IN |
| 984 | 09/23/07 | 436428049 | 20072661808340 10/9/2007 12:00:00.000 AM | | 1012204652 | 530 AZ |
| 983 | 09/24/07 | 436428056 | 20072662025030 10/9/2007 12:00:00.000 AM | GAP Third Party | 1010100179 | 63503 OH |
| 984 | 09/24/07 | 436428064 | 20072671340080 10/9/2007 12:00:00.000 AM | GAP Third Party | 1010205218 | 542 AZ |
| 984 | 09/24/07 | 436428072 | 20072671555210 10/9/2007 12:00:00.000 AM | GAP Third Party | 1010205330 | 10711 AZ |
| 984 | 09/24/07 | 436428098 | 20072671720580 10/9/2007 12:00:00.000 AM | | 1021002165 | 57142 OH |
| 983 | 09/24/07 | 436428106 | 20072671756150 10/9/2007 12:00:00.000 AM | GAP Third Party | 1126201863 | 40817 MI |

# EXHIBIT 2

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION-FLINT

In Re:  JOHN A. METZGER, JR.

                Debtor.

                        /

AMERICREDIT FINANCIAL
SERVICES, INC., d/b/a GM
FINANCIAL, a foreign corporation,
                Plaintiff,

v.

JOHN A. METZGER, JR.,
                Defendant.

                        /

Case No.: 12-30292
Chapter 7
Hon. Daniel Opperman

Adv. Pro. No. 12-03052

| | |
|---|---|
| S. Thomas Padgett (P31748) | Stephanie Satkowiak (P56695) |
| DeBrincat, Padgett, Kobliska & Zick | Satkowiak & Associates |
| Attorneys for Plaintiff | Attorney for Defendant |
| 34705 W. Twelve Mile Rd., Ste. 311 | 7550 S. Saginaw St., Ste. 6 |
| Farmington Hills, MI 48331 | Grand Blanc, MI 48439 |
| (248) 553-4333 | (810) 694-4200 |
| Michiganlawyer@aol.com | satkowiaks@gmail.com |

                        /

## DEFENDANT JOHN A. METZGER, JR.'S ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

NOW COMES Defendant, John A. Metzger, Jr. ("Defendant"), by and through

his attorney, Stephanie Satkowiak, and for his Answer to Plaintiff's Complaint in this

adversary proceeding hereby states as follows:

1.     The allegations contained in paragraph 1 are not challenged.

2.     The allegations contained in paragraph 2 are admitted as true.

3.     The allegations contained in paragraph 3 are neither admitted nor denied for the reason that Defendant lacks sufficient information so as to form a belief as to their truth or falsity, and Plaintiff is left to its strictest proofs.

4.     Paragraph 4 contains multiple allegations that are not reasonably limited to a single set of circumstances. However, Defendant's answer is as follows: the allegation regarding the execution on September 19, 2007, in correlation with the attached Exhibit 1 is not challenged; the allegation that the loan was made by Huntington National Bank to Defendant is not challenged; the allegation regarding the assignment of the loan is neither admitted nor denied as Defendant lacks sufficient information from which he can form a belief as to its truth or falsity and Plaintiff is left to its strictest proofs. Affirmatively, however, Defendant challenges the February 2, 2007 date as it predates any contract entered into between Defendant and Huntington Bank. It is not identified whether the assignment attached as Exhibit 1 is a "blanket assignment." If it is suggested that the assignment is personal to Defendant, it clearly predates any relationship between Defendant and Huntington Bank, and as such, is not binding.

5.     The allegations contained in paragraph 5 are merely a recitation of contractual information, and as such, do not require a response.

6.     The allegations contained in paragraph 6 are neither admitted nor denied as Defendant lacks sufficient information with which to form a belief as to their truth or falsity, and Plaintiff is left to its strictest proofs.

7.     The allegations contained in paragraph 7 are not challenged.

8. The allegations contained in paragraph 8 are not challenged in as much as they recite the contents of the attached Exhibit. However, it should be noted affirmatively that the Judgment is for Claim and Delivery, and contains no allegation of fraud. In addition, the wording of the Judgment includes a statement that the document "resolves the last pending claim" between the parties.

9. The allegations contained in paragraph 9 are not challenged.

10. The allegations contained in paragraph 10, again, contain multiple bits of information that do not seem to be related to a single set of circumstances. However, Defendant's answer is as follows: the allegation regarding the conversation is neither admitted nor denied as Defendant lacks sufficient information with which to form a belief as to their truth or falsity and Plaintiff is left to its strictest proofs; the allegation that Defendant received possession of the vehicle is denied as the vehicle was delivered personally to Ms. Wilson at the dealership, who was present the entire time documents were signed, and Defendant never received possession of the vehicle; the allegation as to what Plaintiff did to recover the vehicle is neither admitted nor denied as Defendant lacks sufficient information with which to form a belief as to their truth or falsity and Plaintiff is left to its strictest proofs.

11. The allegations contained in paragraph 11 are denied as untrue. Of note, Ms. Wilson was present during the entire financing transaction, and received possession of the vehicle from the dealership. At all times, there was actual knowledge that Ms. Wilson was the recipient of the vehicle.

12. The allegations contained in paragraph 12 are denied as untrue. At no time did Defendant make any statement that he was purchasing the vehicle for himself. Rather,

Ms. Wilson was present during the entire transaction and left the dealership with the vehicle. Her intent to possess the car was clear to all.

13. The allegations contained in paragraph 13 are denied as untrue.

14. The allegations contained in paragraph 14 are denied as untrue.

15. The allegations contained in paragraph 15 are denied as untrue.

16. The allegations contained in paragraph 16 are denied as untrue.

17. The allegations contained in paragraph 17 are denied as untrue.

## AFFIRMATIVE MATTERS

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff is not entitled to any relief requested because Plaintiff has come to court with unclean hand. At all times it was made clear to the Dodge dealership that the vehicle was being purchased by Defendant, but that Ms. Wilson would be in possession of the vehicle. In fact, Ms. Wilson was present for the preparation and signing of all documents and drove off the dealership property with the vehicle. At no time was Defendant ever in possession of the vehicle, and this was a fact fully known by all involved.

3. Plaintiff has failed to mitigate its damages. On multiple occasions, Defendant provided information to AmeriCredit as to where the vehicle could be found and authorized repossession. AmeriCredit did nothing.

4. Plaintiff's claims are barred by estoppel, laches and undue delay.

5. Plaintiff had authorization to repossesses the vehicle, had actual knowledge of it's location and any harm caused is by Plaintiff's own contributory negligence.

6. Plaintiff's claims are barred because the contact is void and/or voidable.

7.    Plaintiff's claims are barred by satisfaction.

8.    Plaintiff's claims are barred by res judicata.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be

dismissed in its entirety with costs and fees payable to Defendant's counsel.

Dated: March 15, 2012          /s/ John A. Metzger, Jr.


Dated: March 15, 2012          /s/ Stephanie Satkowiak
                               Stephanie Satkowiak (P56695)
                               Attorney for John A. Metzger, Jr.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION-FLINT

In Re: JOHN A. METZGER, JR.

        Debtor.

_____/

Case No.: 12-30292
Chapter 7
Hon. Daniel Opperman

AMERICREDIT FINANCIAL
SERVICES, INC., d/b/a GM
FINANCIAL, a foreign corporation,
        Plaintiff,

Adv. Pro. No. 12-03052

v.

JOHN A. METZGER, JR.,
        Defendant.

_____/

S. Thomas Padgett (P31748)
DeBrincat, Padgett, Kobliska & Zick
Attorneys for Plaintiff
34705 W. Twelve Mile Rd., Ste. 311
Farmington Hills, MI 48331
(248) 553-4333
Michiganlawyer@aol.com

Stephanie Satkowiak (P56695)
Satkowiak & Associates
Attorney for Defendant
7550 S. Saginaw St., Ste. 6
Grand Blanc, MI 48439
(810) 694-4200
satkowiaks@gmail.com

_____/

## PROOF OF SERVICE

The undersigned, being sworn, states:

I served a copy of Defendant's Answer to Complaint and a copy of this Proof of Service on the following persons by electronic filing and by placing them in a postage prepaid envelope addressed to their respective addresses and depositing the envelope in the United States mail on March 15, 2012:

S. Thomas Padgett (P31748)
DeBrincat, Padgett, Kobliska & Zick
Attorneys for Plaintiff
34705 W. Twelve Mile Rd., Ste. 311
Farmington Hills, MI 48331
(248) 553-4333

Dated: March 15, 2012   /s/ Stephanie Satkowiak (P56695)
           Stephanie Satkowiak
           Attorney for John Metzger, Jr.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
FLINT DIVISION

IN RE:

JOHN A. METZGER, JR.,                              Case No. 12-30292-dof
                                                   Chapter 7
            Debtor.                                Hon. Daniel Opperman
_____/

AMERICREDIT FINANCIAL                              Adversary Proceeding
SERVICES, INC., d/b/a GM                           Case No. 12-03052-dof
FINANCIAL, a foreign corporation,

            Plaintiff,

v.

JOHN A. METZGER, JR.,

            Defendant.

_____/

## DECLARATION OF PLAINTIFF AMERICREDIT FINANCIAL SERVICES, INC., D/B/A GM FINANCIAL IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

I, Amy Parker, declare, state, and say as follows:

1. I am employed by AmeriCredit Financial Services, Inc., d/b/a GM Financial, as Legal Specialist and have been so employed since 2006. I am making this Declaration on behalf of Plaintiff AmeriCredit Financial Services, Inc., d/b/a GM Financial.

2. The statements made in this Declaration are true and correct. If I am called to testify regarding the statements made in this Declaration, I am competent to do so. The statements made in this Declaration are based upon my personal knowledge or a review of the books and records of AmeriCredit Financial Services, Inc., d/b/a GM Financial, which books and records were prepared, maintained and kept in the regular course of business by a person with knowledge at or about the time of the events or occurrences that are referenced in the records as having occurred or happened.

1

3.   On or about September 19, 2007, Defendant, as borrower and maker, executed a Retail Installment Contract made payable to Huntington National Bank in the principal amount of $13,189.64; a photocopy of the Retail Installment Contract is marked as Exhibit 1 and attached hereto.   The loan was made by Huntington National Bank to Defendant.   Pursuant to a loan assignment dated November 13, 2007, between Huntington National Bank and AmeriCredit Financial Services, on November 13, 2007, AmeriCredit purchased the motor vehicle loan from Huntington National Bank and, as part of the transaction, the loan, and hereinafter described lien, were sold and assigned by Huntington National Bank to Plaintiff AmeriCredit Financial Services.

4.   Under the terms and provisions of the Retail Installment Contract, interest accrues on the principal balance at the rate of 14.04% per annum and monthly payments are due in the amount of $273.66 commencing on November 3, 2007, and continuing thereafter for a period of 72 months.

5.   Also, under the terms and provisions of the Retail Installment Contract, Defendant granted to Plaintiff a first lien and security interest on a 2006 Dodge Stratus, vehicle identification number 1B3EL46X06N139504. Pursuant to the terms of the contract, a first lien was placed on the motor vehicle by Plaintiff; a photocopy of the RD-108/Application for Title evidencing the lien marked as Exhibit 2 and attached hereto.

6.   In November, 2007, Defendant defaulted under the terms of the Retail Installment Contract and, thereafter, Plaintiff instituted a lawsuit in the 67-3rd Judicial District Court to recover the balance due on the loan and to recover possession of the 2006 Dodge Stratus.

7.   On April 14, 2008, a judgment was entered against Defendant in the 67-3rd Judicial District Court for the balance due on the loan, which judgment is in the amount of $14,496.19; a photocopy of the judgment is marked as Exhibit 3 and attached hereto.

8.   Subsequent to entry of the judgment, Plaintiff garnished the wages of Defendant through his place of employment and the current outstanding balance due on the judgment debt is $8,089.03.

9.   Additionally, after institution of the lawsuit in the District Court, Defendant had a conversation with Plaintiff's counsel and confirmed that he did not purchase the vehicle to drive himself, but rather he purchased the vehicle for a 27 year old by the name of Heidi Ann Wilson, f/k/a Heidi Ann Kortas, and that after purchasing the vehicle and obtaining possession of it, he gave the vehicle to Heidi Ann Wilson.   Plaintiff attempted to locate Heidi Ann Wilson and attempted to locate the 2006 Dodge Stratus, but has not been able to locate either.

10.  In applying for the loan to purchase the 2006 Dodge Stratus, Defendant John Metzger represented in his Credit Application that he was purchasing the vehicle for himself. Also, in signing the Retail Installment Contract, Defendant John Metzger represented that the purchase of the vehicle was for himself and he was to own and use the vehicle and the vehicle would not be owned and used by another individual. Defendant John Metzger did not represent to Plaintiff AmeriCredit that he was purchasing the vehicle as a straw purchaser on behalf of Heidi Ann Wilson. Had Defendant John Metzger disclosed to Plaintiff AmeriCredit that he was purchasing the vehicle as a straw purchaser, or that the vehicle was being purchased for Heidi Ann Wilson, Plaintiff AmeriCredit, which relied on Defendant's representations that he was purchasing the vehicle for himself and relied upon Defendant's credit worthiness in making the loan, would not have made the loan to him to purchase the vehicle.

11.  Defendant purchased the 2006 Dodge Stratus from Genesee Valley Dodge. Genesee Valley Dodge is not the agent of Plaintiff AmeriCredit and has never been the agent of Plaintiff AmeriCredit. When an individual wishes to purchase a vehicle on credit from a dealership such as Genesee Valley Dodge, Genesee Valley Dodge, and similar dealerships, through their credit

3

manager, will contact numerous lenders to determine whether there is a lender that is willing to purchase the proposed Retail Installment Contract from the dealer. There is no principal agent relationship between the lender and the dealer, rather the dealer, through the credit manager's office, simply assists the customer or purchaser in obtaining credit to purchase the vehicle.

12. Further, the Retail Installment Contract that was signed by Defendant John Metzger to purchase the 2006 Dodge Stratus was made payable to Huntington National Bank; a copy of that contract is marked as Exhibit 1 and attached hereto. That contract that Defendant John Metzger signed on September 19, 2007, which is made payable to Huntington National Bank, was sold and assigned to Plaintiff AmeriCredit on __11|13|2007__ . The particular documentation evidencing the assignment of the John Metzger Retail Installment Contract is marked as Exhibit 4 and attached hereto.

I declare under penalty of perjury that the above statements are true to the best of my information, knowledge and belief.

FURTHER DECLARANT SAYETH NAUGHT.

Dated: __3/00/12__          _Amy Pruhn_

# EXHIBIT 1

**Huntington**     Personal Loan Agreement - Fixed Rate

This is a loan directly from THE HUNTINGTON NATIONAL BANK to you. The terms "we", "us", and "our" mean each person who signs this agreement. This agreement states the terms of this loans (us). The "Dealer", which term includes any of the "Dealer", which term includes any of the "Dealer", which term includes any of the Dealer's employees or agents). Please read this agreement carefully and if you agree to these terms, sign your name below. Each of you is responsible both individually and jointly under this agreement (known as "joint and several" responsibility).

**Federal disclosures:** The following disclosures are required to be given by federal law:

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 14.24 % | $ 6513.88 | $ 13189.64 | $ 19703.52 |

Your payment schedule will be (final payment amount is estimated):

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 273.66 | Monthly beginning on 11/03/2007 |
| | N/A | |

**Security:** You are giving a security interest in a motor vehicle.
☐ You are also giving a security interest in the following personal property that each item: _____

**Property Insurance:** You may obtain property insurance and vendor's single interest insurance from anyone you want that is acceptable to us.

Filing fees: $ _____N/A_____

Late charge: If a payment is more than 10 days late, you will be charged $25.00.

Prepayment: If you pay off early, you will not have to pay a penalty, and will not be entitled to a refund of any prepaid finance charge.

See the other parts of this agreement and any other contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment penalties, and security interest.

Date of this loan: ___09/19/2007___

The date of this loan is ___09/19/2007___

Principal amount of this loan _____ $ 13189.64

The principal amount of this loan is $ __13189.64__

Interest rate

The interest rate applicable to this loan is __14.24%__ per year.

**Itemization of Amount Financed**

We itemize the Dealer may be retaining a portion of the charges from other products and services paid in connection with this loan. You authorize us to pay the proceeds of this loan in the following manner:

1. To Dealer on your behalf ........................................ $ 13189.64

| (a) Cash price ........................................ | $ 12598.64 |
| (b) Costs of superintendence purchased ...... | $ 12492.64 |
| (c) Dealer documentation fee .................... | $ 75.00 |
| (d) License, title and registration fees ...... | $ 113.90 |
| (e) Less downpayment .............................. | $ N/A |
| (f) Cash (including rebate) ........................ | $ N/A |
| (g) Trade-in allowance (gross) .................... | $ N/A |
| Year ____ Make ____ | |
| Model ____ | N/A |
| (h) Amount owed on trade-in ...................... | $ N/A |
| (i) Trade-in allowance (net) ...................... | $ 12598.64 |
| (c) Unpaid balance of cash price (b) minus (e) | $ N/A |
| (d) Additional amount to pay off trade-in ...... | $ N/A |

| (e) Payoff of prior loan (f & refinance) ...... | $ N/A |
| (f) Lien filing fee _____ | $ N/A |

| (g) Credit Insurance ................................ | $ N/A |
| (h) Extended service contract or warranty ...... | $ N/A |
| B __N/A__ | $ N/A |
| B __N/A__ | $ N/A |
| (k) __N/A__ | $ N/A |
| B __STONEBRIDGE__ | $ 599.00 |

2. To Insurance co. for vendor's single interest insurance .. $ N/A
3. To us for Huntington GAP ...................................... $ N/A
4. To us for loan fee .............................................. $ N/A
5. Less prepaid finance charge ................................... $ N/A
6. Amount financed (sum of 1, 2, 3 and 4, minus 5) ........... $ 13189.64

**Your promise to pay**

By signing this agreement, you promise to pay us all of the following:
• The principal amount of this loan as provided in this agreement.
• Daily simple interest on the unpaid balances of the principal amount from time to time outstanding of the interest rate as provided in this agreement.
• Other charges due as provided in this agreement.

You must pay us at the address we tell you or at any of our banking offices. Interest begins to accrue on the date of this agreement. Daily simple interest means that interest is charged each day after applying any payments you have made.

**Payment schedule**

You agree to pay this loan according to the payment schedule shown in the federal disclosures above. However, the final payment amount shown above is only an estimate. On the final payment due date, you must pay us the outstanding balance of the principal amount and any accrued interest and other charges. The "payment schedule" in the federal disclosures is based on the assumption that we receive each payment on its due date. If you pay late, make other charges or if other amounts are added to your loan as provided by this agreement (such as an insurance or other charge) with respect to this contract, the final payment amount could be significantly more than the estimate shown in the payment schedule above.

All payments are due on the same date of the month as the first payment, or on the last day of any month that does not have a corresponding date. You agree that we may apply all payments first to earned interest, and then to the principal amount and/or other charges and amounts owed as we determine. If we receive any payment after our cut-off time on a given day, that payment will be considered received on the following business day.

**Additional products and services**

Additional products and services (such as extended service protection, warranty, debt cancellation protection, debt suspension protection or other products and services offered by the Dealer) are optional items and if you want any of these products or services from the Dealer and want the cost to be included in the amount financed, the cost will be shown in the "Itemization of amount financed" section of this agreement. Refer to the policy, certificate, contract or other documentation provided by the Dealer or the company providing the product or service for more information about the products or service. Some or all of the cost for any additional products and services may be retained by the Dealer.

**Assignment of this agreement**

We have the right to assign this agreement without your consent or approval. Anyone to whom we assign this agreement has all of our rights, unless we restrict some of those rights or rights are reassigned to us. If we assign this agreement, we may act only as an agent for the assignee, which means the loan, if we not an agent or other representative, you agree that we may collect and service on behalf of the assignee any right of the assignee with respect to the loan and that the collateral to the extent of the security granted to us as agent or other representative. Your conduct continues to make all payments due under this agreement to us unless we notify you otherwise.

**Set-off**

We have the right of set-off. This means that we may apply any money in any deposit account with us on which your name appears as owner or co-owner to the payment of the amount you owe us which is due.

**Other terms**

If we it and we or pay for any credit, property or other insurance, debt cancellation, debt suspension, service contract, warranty, GAP coverage, or other product or service that we may have retained or paid, that we have described in the itemization of amount financed, then if the product or service is canceled or the amount you owe us, even if none of your payments are past due. We, and/or Dealer, may receive some value from other products and services sold in connection with this loan.

You waive presentment of this agreement. You waive all legal lien valuation and appraisement laws, to the extent permitted by applicable law.

We may delay enforcing any of our rights against any of you any number of times without losing any rights against you or others and or in the future. We may enforce this agreement against your entire. Except when otherwise required by applicable law, notice to you or any one of you will constitute notice to all of you. In addition to the rights we have under this agreement, we also have any other rights available to us at law or in equity.

**Governing law**

The interest rate, fees and charges, and other terms of this agreement are governed by federal law. However, to the extent federal law does not apply or refers to or incorporates state law, the law of the state of Ohio shall be applicable.

This agreement is construed on four reverse side. All of the provisions on both sides of this document are part of this agreement.

Acknowledgement: Each person or entity signing below is responsible for paying the loan in full. You acknowledge that you have read this entire agreement on both sides of this page (including the additional Provision on the reverse side) and agree to be bound by its terms. You also acknowledge that Dealer has given you a copy of our Customer Information Privacy Notice.

| Individual Borrower Signature(s): | Corporation or Other Business Entity Signature |
|---|---|
| Signed X _JOHN W METZURK_ Typed Name: | Typed Name of Company: |
| Signed X Typed Name: | Signature Typed Name of Signer: Title of Signer |

---

**Credit Insurance**

Credit life insurance and credit disability insurance are NOT REQUIRED to obtain this loan and will not be provided unless each of you is be insured codified and signs below, indicating your agreement to pay the additional cost for that type of coverage selected. Your choice whether or not to buy credit insurance has NO effect on our decision to make your loan, and we do NOT consider your insurance choice in any way when we make our loan decision. Any insurance benefit may not pay this loan in full.

If you want to buy credit insurance, you are buying it from or through the Dealer, and not from or through us. Any questions about this insurance must be directed to the Dealer, and not us. If you want to buy it, you must also sign below on the line under the type of insurance elected. Two signatures for a type of insurance will indicate that both persons signing is elected. The policies or certificates issued by the insuring company will more fully describe the coverages, terms and conditions of the credit insurance.

Credit life insurance:   Term: N/A months   Cost $ _____ N/A

(1) _____ (2) _____
   (Signature)           (Signature)

Credit disability insurance: Term: N/A months   Cost $ _____ N/A

(1) _____ (2) _____
   (Signature)           (Signature)

**Collateral for the Security Agreement**

As collateral for this loan, you give us a security interest in the following property and its accessories, and in any attachments existing as of the date of this loan or which you acquire while, 10 days after that date.

YEAR: _2006_   MAKE: _DODGE_

MODEL: _STRATUS_       ODOMETER: _27235_

VIN: _1B3EL46C06N135544_

You represent that you will use the collateral primarily for ☑ business (personal, family or household use) ☐ business ☐ farming purposes. You agree to keep the collateral at:

         10418 KATISBOOLE ST      MT MORRIS
        No. & Street                  City

      GENESEE              MI 48458
       County              State     Zip

As additional collateral, you also give us a security interest in:
• Any other property described in the "Security" section of the federal disclosures, which you agree to insure as the location disclosed above, unless otherwise stated in such agreement.
• Any proceeds of the vehicle or other property described above and its accessories and attachments.
• Any proceeds of any services contracts, warranties, insurance, GAP coverage, debt cancellation coverage, debt suspension coverage or other products or services required or purchased in connection with this agreement, and any refunds of any charges or premiums for any such product or service.

We agree that any security interest which secures any other present or future loan from us does not secure this loan. Additional provisions about the collateral are found on the other side of this document under "Additional Security Interest Provision."

Signature to Grant Security Interest Only

The person signing in this box is NOT responsible to repay this loan. The person is an owner of the collateral and is signing solely to give a security interest in the collateral. This person is subject to all of the provisions of this agreement except the obligation to pay (other than from the proceeds of collateral) penalties, interest or other charges due.

Signature: _____

Typed Name of Signer: _____

---

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The above that this notice applies only if the consumer purpose stock under "Collateral for this agreement" box checked and only if you use the proceeds of this loan to purchase the collateral described above under "Collateral for this agreement."

**NOTICE ABOUT THIS LOAN**

This loan is a direct loan from us (the bank) to you. For your convenience, we have asked Dealer to complete and obtain your signature on this agreement. No employee or representative of Dealer is authorized to (i) agree to any terms that are inconsistent with the terms of this loan, (ii) enter into any side agreement that affects this loan, or (iii) alter or change any of the provisions of this agreement. No oral promises or agreements between you and Dealer about this loan are enforceable.

We may use part of the interest rate you pay to compensate Dealer for arranging this loan. As a result, your interest rate Dealer for arranging this loan. As a result, your interest rate in excess of the minimum we require may be negotiated with Dealer, but is from once you sign this agreement.

**NOTICE TO COSIGNER**

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay it if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The bank can collect this debt from you without trying to collect from the borrower. The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

**NOTICE OF ARBITRATION PROVISION**

THIS AGREEMENT CONTAINS AN ARBITRATION PROVISION WHICH APPEARS ON THE REVERSE SIDE. BEFORE SIGNING THIS AGREEMENT, YOU SHOULD READ THE ARBITRATION PROVISION CAREFULLY. IF YOU DO NOT REJECT THE ARBITRATION PROVISION IN THE MANNER ALLOWED, IT MAY HAVE A SUBSTANTIAL IMPACT ON THE WAY IN WHICH YOU OR WE RESOLVE ANY CLAIMS THAT WE HAVE AGAINST EACH OTHER OR CERTAIN OTHER THIRD PARTIES.

Exhibit 1

## ADDITIONAL SECURITY INTEREST PROVISIONS

## ARBITRATION PROVISION

# EXHIBIT 2

Validation:
09192007 CB V262 603 0650  796.64
603V2620650      027239 A
*S.I. RECORDED*

| | |
|---|---|
| | Month |
| Plate No.    Expires on | 09 |
| BQR3851     05/15/2008 | Body Style    Code    County |
| Year       Make | 4 DOOR      01      25 |
| 2006       DODGE | Fee Cat. or Wt.    License Fee |
| Vehicle No. | 000019      74.00 |
| 1B3BL46X06N139504 | Title |

Dealer
GENESEE VALLEY DODGE
Address
G 4140 MILLER ROAD
City
FLINT, MI 48507

Dealer License No.  A2207

Odometer        027239  A

A = Actual mileage
B = Not actual mileage
C = Exceeds mechanical limits of odometer

Driver License No./FIDs of All Owners/Lessees
1)

Complete Name(s) and Address(es) of All Owners or Lessors
JOHN ALBERT METZGER JR
10418 KATZAFOGLE ST
MOUNT MORRIS, MI 48458

Complete Name(s) and Address(es) of Lessees
NONE

Title              15.00

Title Late Fee        0.00

Tax            707.64

Transfer Fee        0.00

Total          796.64

Full Rights to
Survivor
N

Transaction Type:                      MI
TRANS TITLE/ORIG PLATE                 NO
188V2490324

Error/Flash Condition:

First Secured Interest                  Filing Date
HUNTINGTON NATIONAL BANK              09/19/2007
2361 MORSE ROAD
COLUMBUS, OH 43229

Second Secured Interest                 Filing Date
NONE

Error/Flash Approval Reason:

Purchase Price of Vehicle              11,695.00

Dealer Comment:
TAB NUMBER: 9013652
FULL NAME-N OK

Authority Granted by Act 300 of 1949, as amended.          RD-108L (10-2000)

Bank

Exhibit 2

# EXHIBIT 3

Approved, SCAO

Original - Court
1st — Defendant
2nd Copy - Plaintiff

| STATE OF MICHIGAN 67-3 JUDICIAL DISTRICT JUDICIAL CIRCUIT | JUDGMENT Claim and Delivery | CASE NO. GZC-08-2 |

Court address   11820 N. Saginaw St., Mt. Morris, MI 48458         Court Telephone no.   810-686-7140

| Plaintiff(s) AmeriCredit Financial Services | v | Defendant(s) John A. Metger |

**☑ JUDGMENT**

S. Thomas Padgett (P31748)
DeBrincat and Padgett
34705 W. 12 Mile Rd., Suite 311
Farmington Hills, MI 48331

The Court finds the party entitled to possession is:

**Plaintiff AmeriCredit Financial Services**

Judgment is entered against:   Defendant John A. Metzger

Plaintiff/Attorney, bar no.

☐ After trial          ☐ Consent
☑ Non appearance default *
      ☐ **DISMISSAL**
☐ Without prejudice          ☐ With prejudice

Defendant/Attorney, bar no.

*For a defendant on active military duty, default
judgment shall not be entered except as provided by
the Servicemembers Civil Relief Act.

67th DISTRICT COURT
**A TRUE COPY**
Carolyn E. Jones, Clerk

**ORDER OF JUDGMENT**

**Determined:**

| | | | |
|---|---|---|---|
| Amount of unpaid debt | $13,955.58 | Total damages | $13,955.58 |
| Value of property | $7,570.00 | Interest | $325.61 |
| Damages | $13,955.58 | Costs | $215.00 |
| | | Other | $0.00 |
| | | | $0.00 |
| | | Total judgment | $14,496.19 |

This judgment will earn
interest
at current statutory rates.

☑ The following described property shall be delivered immediately to   Plaintiff AmeriCredit Financial Services
                                                                                                                        Name
  Describe property
  2006 Dodge Stratus, VIN 1B3EL46X06N139504, if Defendant fails to deliver the vehicle to Plaintiff, the County Sheriff, Baliff or Court
  Officer is directed to search for and seize the wanted vehicle and deliver it to Plaintiff. Said Officers may open and enter a garage or
  other structure (even if attached) if it is necessary to secure possession of the vehicle.

☑ **FURTHER ORDERS:**
  This Judgment resolves the last pending claim in this case and closes this case.
  Plaintiff may file this Judgment with the Michigan Secretary of State and/or County Sheriff's Office to place the vehicle in the LIEN
  system and to place a stop action flash on the title and registration of the vehicle, as well as to cancel the current license plates.

EXECUTION MAY NOT ISSUE ON THIS JUDGMENT IF MORE THAN 28 DAYS HAVE PASSED
FROM THE DATE AT SIGNING UNLESS THERE IS FURTHER NOTICE AND HEARING

Judgment date:                                                                IT IS ORDERED: This judgment is granted

Plaintiff/Attorney                                    Judge                                                               Bar no.

Defendant/Attorney
I certify that copies of this judgment and notice were served upon the parties and/or their attorneys by ordinary mail.

4-14-08

Dating of mailing                                                    Court Clerk

MC 39     (6/04)   JUDGMENT, CLAIM AND DELIVERY                         MCL 600.2920,  MCR 3.105, USC 521

Exhibit 3

# EXHIBIT 4



## LOAN ASSIGNMENT

THIS ASSIGNMENT IS ATTACHED TO AND EXPRESSLY MADE A PART OF THE AUTO LOAN PURCHASE AND SALE AGREEMENT BETWEEN AMERICREDIT FINANCIAL SERVICES, INC. AND AMERICREDIT CONSUMER LOAN COMPANY, INC. (COLLECTIVELY "AMERICREDIT") AND THE HUNTINGTON NATIONAL BANK, AND RELATES TO ALL LOANS AND CONTRACTS PURCHASED UNDER THAT AGREEMENT (THE "PURCHASED LOANS") AS REFLECTED ON THE SCHEDULE OF RECEIVABLES ATTACHED HERETO.

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY SELLS, TRANSFERS AND ASSIGNS TO AMERICREDIT, ITS SUCCESSORS AND ASSIGNS, WITHOUT RECOURSE, ALL OF THE UNDERSIGNED'S RIGHT, TITLE AND INTEREST IN AND TO THE PURCHASED LOANS. THIS ASSIGNMENT SPECIFICALLY INCLUDES, BUT IS NOT LIMITED TO, ALL RIGHT, TITLE AND INTEREST OF THE UNDERSIGNED TO ANY INSURANCE POLICIES OR INSURANCE PROCEEDS PURCHASED OR ENDORSED OR OBTAINED UNDER THE TERMS OF THE PURCHASED LOAN. THIS ASSIGNMENT FURTHER INCLUDES ALL RIGHTS, TITLE AND INTEREST IN OR TO ANY PROPERTY OR SECURITY INTEREST OF THE UNDERSIGNED IN OR TO ANY PROPERTY OR SECURITY INTEREST DESCRIBED OR PROVIDED FOR IN THE PURCHASED LOAN.

THE UNDERSIGNED ASSIGNOR HEREBY GIVES ASSIGNEE FULL POWER, EITHER IN ITS OWN NAME OR IN THE UNDERSIGNED'S NAME, TO TAKE ALL LEGAL OR OTHER ACTIONS WHICH THE UNDERSIGNED COULD HAVE TAKEN UNDER THE PURCHASED LOAN.

THIS ASSIGNMENT IS MADE PURSUANT TO THE PURCHASE AND SALE AGREEMENT ENTERED INTO BETWEEN THE UNDERSIGNED AND AMERICREDIT, THE TERMS AND CONDITIONS OF WHICH ARE HEREBY RATIFIED, AFFIRMED AND INCORPORATED HEREIN BY THIS REFERENCE. IN ADDITION ALL RIGHTS AND REMEDIES OF AMERICREDIT HEREUNDER ARE CUMULATIVE OF ANY RIGHTS WHICH AMERICREDIT MAY OTHERWISE HAVE AGAINST THE UNDERSIGNED. THIS ASSIGNMENT SHALL BE BINDING ON THE UNDERSIGNED, ITS SUCCESSORS AND ASSIGNS.

**ASSIGNOR: The Huntington National Bank**

Signature of Authorized OFFICER: _____

Print Name of Authorized OFFICER: __ANDY OHLER, VICE PRESIDENT__

Date: __11/6/07__

**ASSIGNEE: AmeriCredit Financial Services, Inc.**
**AmeriCredit Consumer Loan Company, Inc.**

Signature of Authorized OFFICER: _____

Print Name of Authorized OFFICER: __David Eric Winkled, SVP__

Date: __11/13/07__

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 983 | 09/29/07 | 436400097 | 20072781220540 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105000620 | 48174 KY |
| 984 | 09/29/07 | 456400113 | 20072721254560 | 10/5/2007 12:00:00.000 AM | | 1012206433 | 49021 NY |
| 984 | 09/29/07 | 456400121 | 20072721312010 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1157905063 | 31948 GA |
| 983 | 09/29/07 | 436400139 | 20072721404330 | 10/5/2007 12:00:00.000 AM | | 1042000497 | 30124 OH |
| 984 | 09/29/07 | 436400147 | 20072721443100 | 10/5/2007 12:00:00.000 AM | | 1012205395 | 18530 NY |
| 983 | 09/29/07 | 436400154 | 20072721304390 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1084104748 | 75560 IN |
| 983 | 09/29/07 | 436400162 | 20072721506470 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105304484 | 89096 TN |
| 984 | 09/29/07 | 436400196 | 20072721524860 | 10/5/2007 12:00:00.000 AM | | 1012205525 | 84761 NY |
| 983 | 09/29/07 | 436400196 | 20072721533360 | 10/5/2007 12:00:00.000 AM | | 1010101640 | 38114 OH |
| 984 | 09/29/07 | 436400204 | 20072721820010 | 10/6/2007 12:00:00.000 AM | | 1012206398 | 18530 NY |
| 983 | 09/29/07 | 436400212 | 20072721924580 | 10/6/2007 12:00:00.000 AM | GAP Premier | 1084000830 | 14156 IN |
| 983 | 09/29/07 | 436400220 | 20072721627300 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1084000831 | 1482 IN |
| 984 | 09/29/07 | 436400238 | 20072721630020 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1010406400 | 90035 NV |
| 983 | 09/29/07 | 436400248 | 20072721726280 | 10/5/2007 12:00:00.000 AM | | 1042300706 | 61539 WV |
| 983 | 09/29/07 | 436400253 | 20072721742090 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105304484 | 83096 TN |
| 983 | 09/30/07 | 436400261 | 20072721812290 | 10/5/2007 12:00:00.000 AM | | 1012105034 | 28211 NJ |
| 983 | 09/29/07 | 436400270 | 20072721917510 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1012105034 | 28211 NJ |
| 983 | 09/29/07 | 436400287 | 20072722050050 | 10/5/2007 12:00:00.000 AM | GAP Premier | 1010101646 | 38114 OH |
| 983 | 09/29/07 | 436400295 | 20072722133290 | 10/5/2007 12:00:00.000 AM | | 1105102934 | 48073 IN |
| 983 | 10/01/07 | 436400303 | 20072731325140 | 10/5/2007 12:00:00.000 AM | | 1105205364 | 38002 TN |
| 983 | 09/30/07 | 436400329 | 20072731623540 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1021001932 | 67108 OH |
| 983 | 10/01/07 | 436400337 | 20072742914150 | 10/5/2007 12:00:00.000 AM | | 1012105351 | 38469 NJ |
| 984 | 10/01/07 | 436400345 | 20072741020020 | 10/6/2007 12:00:00.000 AM | GAP Third Party | 1167003182 | 15428 FL |
| 983 | 10/01/07 | 436400360 | 20072741144360 | 10/9/2007 12:00:00.000 AM | | 1084004683 | 14295 IN |
| 984 | 10/01/07 | 436400378 | 20072741163590 | 10/6/2007 12:00:00.000 AM | | 1157105591 | 13316 FL |
| 983 | 10/01/07 | 436400386 | 20072741183590 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1042100589 | 90136 KY |
| 983 | 09/28/07 | 436400394 | 20072741212560 | 10/6/2007 12:00:00.000 AM | GAP Premier | 1105405567 | 12883 KY |
| 983 | 10/01/07 | 436400410 | 20072741217470 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1042308258 | 37289 WV |
| 983 | 10/01/07 | 436400428 | 20072741245480 | 10/6/2007 12:00:00.000 AM | GAP Third Party | 1021001839 | 37283 OH |
| 983 | 10/01/07 | 436400436 | 20072741325090 | 10/5/2007 12:00:00.000 AM | | 1021002186 | 87802 OH |
| 983 | 10/01/07 | 436400444 | 20072741345280 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1010100067 | 36067 OH |
| 983 | 10/01/07 | 436400451 | 20072741354210 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1084001541 | 14458 IN |
| 984 | 10/01/07 | 436400458 | 20072741416340 | 10/5/2007 12:00:00.000 AM | | 1012205312 | 12868 NY |
| 983 | 10/01/07 | 436400477 | 20072741722540 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1010100071 | 36018 OH |
| 983 | 10/01/07 | 436400485 | 20072741732520 | 10/5/2007 12:00:00.000 AM | | 1105405850 | 15441 KY |
| 983 | 10/01/07 | 436400493 | 20072741752126 | 10/5/2007 12:00:00.000 AM | | 1105404136 | 22369 KY |
| 984 | 10/01/07 | 436400518 | 20072741754160 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1010205195 | 25507 AZ |
| 983 | 10/01/07 | 436400527 | 20072741819440 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1105401627 | 83413 KY |
| 984 | 10/01/07 | 436400535 | 20072741821360 | 10/5/2007 12:00:00.000 AM | | 1010406306 | 32778 NV |
| 984 | 10/01/07 | 436400543 | 20072741841570 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1157406372 | 15937 NC |
| 983 | 10/01/07 | 436400560 | 20072741844190 | 10/5/2007 12:00:00.000 AM | | 1012206312 | 12898 NY |
| 984 | 10/01/07 | 436400566 | 20072741452140 | 10/5/2007 12:00:00.000 AM | | 1012206313 | 12998 NY |
| 983 | 10/01/07 | 436400578 | 20072741591420 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1012006607 | 17284 PA |
| 983 | 10/01/07 | 436400584 | 20072742028440 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1031204620 | 39670 OH |
| 984 | 10/02/07 | 436400592 | 20072751003540 | 10/8/2007 12:00:00.000 AM | | 1012206325 | 84761 NY |
| 983 | 10/02/07 | 436400600 | 20072751139060 | 10/5/2007 12:00:00.000 AM | | 1105004212 | 90758 TN |
| 983 | 10/02/07 | 436400618 | 20072751270040 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1084000818 | 14178 IN |
| 983 | 10/02/07 | 436400626 | 20072751230480 | 10/5/2007 12:00:00.000 AM | | 1105404677 | 26961 KY |
| 983 | 10/02/07 | 436400634 | 20072751318350 | 10/5/2007 12:00:00.000 AM | | 1010100008 | 33750 OH |
| 983 | 10/02/07 | 436400642 | 20072751421350 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105005574 | 15762 KY |
| 983 | 10/02/07 | 436400658 | 20072751541250 | 10/5/2007 12:00:00.000 AM | | 1105000871 | 46063 KY |
| 983 | 10/02/07 | 436400667 | 20072751640230 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1105100654 | 48237 IN |
| 984 | 10/02/07 | 436400675 | 20072751646480 | 10/3/2007 12:00:00.000 AM | | 1012206311 | 38147 NY |
| 983 | 10/02/07 | 436400666 | 20072751718500 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1042305883 | 15436 WV |
| 983 | 10/03/07 | 436400691 | 20072761033910 | 10/5/2007 12:00:00.000 AM | | 1094004900 | 36967 IN |
| 983 | 08/27/07 | 436400709 | 20072761236570 | 10/5/2007 12:00:00.000 AM | GAP Third Party | 1021008122 | 34778 OH |
| 984 | 10/03/07 | 436400717 | 20072761346280 | 10/5/2007 12:00:00.000 AM | | 1012206395 | 18530 NY |
| 983 | 10/03/07 | 436400725 | 20072761618190 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1105204212 | 90758 TN |
| 983 | 09/05/07 | 436400733 | 20072761425430 | 10/5/2007 12:00:00.000 AM | | 1012000507 | 62000 PA |
| 983 | 10/03/07 | 436400741 | 20072761706430 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1105204212 | 90758 TN |
| 983 | 10/04/07 | 436400756 | 20072771003170 | 10/5/2007 12:00:00.000 AM | HNB Gap | 1105403847 | 83370 KY |
| 983 | 09/05/07 | 436427645 | 20072461329500 | 10/9/2007 12:00:00.000 AM | | 1031109665 | 21238 PA |
| 983 | 09/06/07 | 436427657 | 20072511701470 | 10/9/2007 12:00:00.000 AM | | 1021003329 | 57163 OH |
| 983 | 09/05/07 | 436427660 | 20072521706270 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1042706128 | 33426 OH |
| 983 | 09/10/07 | 436427688 | 20072531457480 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1105204228 | 24868 TN |
| 984 | 09/11/07 | 436427694 | 20072541832250 | 10/8/2007 12:00:00.000 AM | GAP Third Party | 1010205463 | 25537 AZ |
| 984 | 10/03/07 | 436427702 | 20072761596320 | 10/8/2007 12:00:00.000 AM | | 1012206433 | 49021 NY |
| 984 | 09/17/07 | 436427710 | 20072601153000 | 10/8/2007 12:00:00.000 AM | | 1012206512 | 12898 NY |
| 984 | 09/17/07 | 436427728 | 20072801202020 | 10/9/2007 12:00:00.000 AM | | 1012006618 | 84774 NY |
| 983 | 09/17/07 | 436427744 | 20072601432400 | 10/5/2007 12:00:00.000 AM | | 1126006290 | 87294 MI |
| 983 | 09/18/07 | 436427751 | 20072811013171 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1021002085 | 57019 OH |
| 984 | 09/18/07 | 436427766 | 20072611396100 | 10/8/2007 12:00:00.000 AM | | 1012206433 | 49021 NY |
| 983 | 09/18/07 | 436427777 | 20072611655660 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1084001137 | 14114 IN |
| 983 | 09/18/07 | 436427785 | 20072911606410 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1126202678 | 22730 MI |
| 983 | 09/18/07 | 436427793 | 20072611714490 | 10/9/2007 12:00:00.000 AM | | 1084001138 | 14116 IN |
| 984 | 09/19/07 | 436427801 | 20072631121189 | 10/9/2007 12:00:00.000 AM | | 1010408448 | 910 NV |
| 983 | 09/16/07 | 436427627 | 20072621254080 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1042704599 | 29818 OH |
| 983 | 09/19/07 | 436427635 | 20072621850399 | 10/9/2007 12:00:00.000 AM | GAP Premier | 1010100214 | 38155 OH |
| 983 | 09/20/07 | 436427843 | 20072631418000 | 10/9/2007 12:00:00.000 AM | | 1105000638 | 43140 KY |
| 983 | 09/20/07 | 436427850 | 20072631550120 | 10/9/2007 12:00:00.000 AM | | 1126202236 | 73142 MI |
| 983 | 09/20/07 | 436427868 | 20072631659370 | 10/9/2007 12:00:00.000 AM | | 1021003968 | 27276 OH |
| 983 | 09/21/07 | 436427878 | 20072632020340 | 10/9/2007 12:00:00.000 AM | | 1042000484 | 30088 OH |
| 984 | 09/20/07 | 436427918 | 20072632108330 | 10/9/2007 12:00:00.000 AM | | 1012206318 | 17629 NY |
| 983 | 09/21/07 | 436427928 | 20072840949110 | 10/9/2007 12:00:00.000 AM | HNB Gap | 1042000638 | 48253 IN |
| 984 | 09/21/07 | 436427934 | 20072641134530 | 10/9/2007 12:00:00.000 AM | | 1012206453 | 68505 NY |
| 983 | 08/21/07 | 436427942 | 20072641235320 | 10/9/2007 12:00:00.000 AM | | 1126005444 | 38909 MI |
| 984 | 09/21/07 | 436427959 | 20072641434270 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1157103212 | 33093 FL |
| 983 | 09/21/07 | 436427967 | 20072641545340 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1031105613 | 39600 PA |
| 983 | 09/21/07 | 436427975 | 20072641726560 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1042305149 | 33973 WV |
| 983 | 09/22/07 | 436427983 | 20072650953280 | 10/9/2007 12:00:00.000 AM | | 1021004804 | 23702 OH |
| 984 | 09/22/07 | 436427991 | 20072851019470 | 10/9/2007 12:00:00.000 AM | | 1012206325 | 84761 NY |
| 983 | 09/21/07 | 436439007 | 20072651147040 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1031106658 | 28502 PA |
| 983 | 09/22/07 | 436428015 | 20072851430270 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1021001431 | 57119 OH |
| 983 | 09/22/07 | 436428023 | 20072651504160 | 10/9/2007 12:00:00.000 AM | HNB Gap | 1021001502 | 87817 OH |
| 983 | 09/22/07 | 436429031 | 20072651645080 | 10/9/2007 12:00:00.000 AM | GAP Premier | 1084001136 | 14116 IN |
| 984 | 09/23/07 | 436428049 | 20072661903540 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1010204652 | 530 AZ |
| 983 | 09/24/07 | 436428056 | 20072662205330 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1010100179 | 63503 OH |
| 984 | 09/24/07 | 436428064 | 20072671340080 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1012205218 | 542 AZ |
| 984 | 09/24/07 | 436428072 | 20072671535210 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1010205330 | 10711 AZ |
| 983 | 09/24/07 | 436428008 | 20072671720500 | 10/9/2007 12:00:00.000 AM | | 1021002185 | 57142 OH |
| 983 | 09/24/07 | 436428105 | 20072671756150 | 10/9/2007 12:00:00.000 AM | GAP Third Party | 1126201863 | 40517 MI |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
FLINT DIVISION

IN RE:

JOHN A. METZGER, JR.,

    Debtor.

_____/

AMERICREDIT FINANCIAL
SERVICES, INC., d/b/a GM
FINANCIAL, a foreign corporation,

    Plaintiff,

v.

JOHN A. METZGER, JR.,

    Defendant.

_____/

Case No. 12-30292-dof
Chapter 7
Hon. Daniel Opperman

Adversary Proceeding
Case No. 12-03052-dof

## STATEMENT REGARDING CORPORATE OWNERSHIP OF
## AMERICREDIT FINANCIAL SERVICES

The following entity directly or indirectly owns 10% or more of any class of the corporation's

equity interest:

        AmeriCredit Corp.
        801 Cherry St., Suite 3900
        Ft. Worth, TX 76102

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: _4/11/12_

_____
S. Thomas Padgett (P31748)
DeBrincat, Padgett, Kobliska & Zick
Attorney for Plaintiff
34705 W. Twelve Mile, Ste. 311
Farmington Hills, MI 48331
(248) 553-4333
Michiganlawyer@aol.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
FLINT DIVISION

IN RE:

JOHN A. METZGER, JR.,

     Debtor.

_____/

AMERICREDIT FINANCIAL
SERVICES, INC., d/b/a GM
FINANCIAL, a foreign corporation,

     Plaintiff,

v.

JOHN A. METZGER, JR.,

     Defendant.

_____/

Case No. 12-30292-dof
Chapter 7
Hon. Daniel Opperman

Adversary Proceeding
Case No. 12-03052-dof

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 11 , 2012, true and correct copies of
Plaintiff's Motion for Summary Judgment, Memorandum of Law, Notice of Filing of Motion,
Declaration of Plaintiff, Statement Regarding Corporate Ownership, and proposed Summary
Judgment were served upon the following party electronically:

     Stephanie Satkowiak, Esquire
     7550 S. Saginaw St., Suite 6
     Grand Blanc, MI 48439
     satkowiaks@gmail.com

Dated:   4|11|12

     S. Thomas Padgett (P31748)
     DeBrincat, Padgett, Kobliska & Zick
     Attorney for Plaintiff
     34705 W. Twelve Mile, Ste. 311
     Farmington Hills, MI 48331
     (248) 553-4333
     Michiganlawyer@aol.com